**CLEVELAND METROPOLITAN BAR ASSOCIATION *v.* GRESLEY.**

**[Cite as *Cleveland Metro. Bar Assn. v. Gresley*,**

**127 Ohio St.3d 430, 2010-Ohio-6208.]**

*Attorneys at law — Misconduct — Multiple violations of Rules of Professional*
*Conduct — Failure to cooperate with disciplinary investigation — Two-*
*year suspension with six months stayed on conditions.*

(No. 2010-1460 — Submitted September 28, 2010 — Decided
December 22, 2010.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and
Discipline of the Supreme Court, No. 10-017.

_____

**Per Curiam**.

{¶ 1} Respondent, Frank X. Gresley of Middleburg Heights, Ohio, Attorney Registration No. 0079530, was admitted to the practice of law in Ohio in 2005. On February 8, 2010, relator, Cleveland Metropolitan Bar Association, filed an eight-count complaint charging him with violations of the Ohio Rules of Professional Conduct and Gov.Bar R. V(4)(G) arising from his pattern of accepting fees from ten clients and failing to perform the agreed legal work and failing to cooperate in relator's investigation of that conduct.

{¶ 2} The matter was set for a hearing before a panel of the Board of Commissioners on Grievances and Discipline on September 21, 2010. The parties, however, filed stipulated findings of fact and misconduct on August 11, 2010. The parties also stipulated to the applicable aggravating and mitigating factors and jointly recommended a two-year suspension from the practice of law with the final six months stayed on conditions. Because no material facts were in

dispute, the panel canceled the hearing and considered the cause on the stipulations.

{¶ 3} Having adopted the parties' stipulations of fact, misconduct, and aggravating and mitigating circumstances, the panel and board agree that the appropriate sanction for respondent's misconduct is a two-year suspension with the final six months stayed on the conditions that respondent make a full accounting to each of the clients named in the complaint, make full restitution to his clients for unearned fees, return to his clients the files and materials to which they are entitled, and engage in no further professional misconduct. The board further recommended that a monitor be appointed by relator to ensure respondent's payment of restitution.

**Misconduct**

*Count One*

{¶ 4} In January 2009, a man retained respondent to represent him in a divorce action and paid him $1,500. Although the February invoice respondent sent him reflected a $1,026.25 credit balance, it was accompanied by a letter demanding a check. During the course of the representation, respondent failed to appear at a spousal-support hearing and a client meeting and failed to return the client's telephone calls. Respondent has not responded to the client's requests for an accounting, a refund, or the return of his file. The client cannot afford to retain another attorney.

{¶ 5} The parties have stipulated, the panel and board have found, and we agree that respondent's conduct violates Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of a matter), 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with reasonable requests for information from the client), 1.15(d) (requiring a lawyer to promptly

2

deliver funds or other property that the client is entitled to receive), 1.16(e)[1] (requiring a lawyer to promptly refund any unearned fee upon the lawyer's withdrawal from employment), 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice), and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

*Count Two*

**{¶ 6}** In April 2009, a husband and wife retained respondent to file a Chapter 13 bankruptcy on their behalf. Although respondent promised to file the bankruptcy petition on April 3, 2009, he did not do so until May 26, 2009. He failed to attend two hearings before the bankruptcy court and failed to return numerous calls from the couple. When the couple requested a refund, the receptionist at respondent's office informed the couple that she was unable to assist them. The couple retained new counsel in August 2009, and respondent complied with the bankruptcy court's order to refund their money.

**{¶ 7}** The parties have stipulated, the panel and board have found, and we agree that this conduct violates Prof.Cond.R. 1.3, 1.4(a)(3) and (4), and 8.4(d) and (h).

*Count Three*

**{¶ 8}** In September 2007, another couple hired respondent to file a Chapter 13 bankruptcy proceeding. Respondent filed the petition in January 2008, and the court confirmed the bankruptcy plan. In June 2009, after the husband's employer reduced his hours and consequently his income, the couple attempted to reach respondent to discuss a modification of the plan, but respondent did not return their calls. In mid-July, they discovered that his office

---

1. In their stipulations regarding the violations in Counts One, Four, Five, Six, and Seven, the parties describe a violation of Prof.Cond.R. 1.16(e), but erroneously cite the rule as Prof.Cond.R. 1.16(c).

telephone had been disconnected and his cellphone voicemail was full. A few days later, respondent contacted them and advised them that their only option was to convert their bankruptcy to Chapter 7. Although he promised to file the necessary paperwork the next day, he did not do so. The clients have not heard from respondent since then and cannot afford to hire another attorney.

{¶ 9} The parties have stipulated, the panel and board have found, and we agree that this conduct violates Prof.Cond.R. 1.3, 1.4(a)(3) and (4), 1.15, and 8.4(d) and (h).

*Count Four*

{¶ 10} In December 2008, another couple paid respondent a $1,500 retainer to represent them in proceedings to obtain permanent custody of the husband's children from a prior marriage. Respondent provided copies of several pleadings he had filed on their behalf, but by March 2009, he had stopped returning their telephone calls. He failed to attend a hearing on the custody matter in the summer of 2009. Respondent has not responded to their numerous telephone calls or their written demand for a refund and the return of their file.

{¶ 11} The parties have stipulated, the panel and board have found, and we agree that respondent's conduct violates Prof.Cond.R. 1.3, 1.4(a)(3) and (4), 1.15, 1.16(e), and 8.4(h).

*Count Five*

{¶ 12} In the spring of 2007, a woman retained respondent to resolve certain accounting discrepancies in her existing Chapter 13 bankruptcy proceedings and to challenge her mortgage company's efforts to obtain relief from the bankruptcy stay in order to foreclose on her home. Respondent filed a new bankruptcy petition on the woman's behalf in 2008 but did not respond to her letters and telephone calls advising him of several inaccuracies in that filing. In July 2009, after complaining to relator, the woman sent respondent a written

notice terminating his representation and requesting the return of her file. He has not responded.

{¶ 13} The parties have stipulated, the panel and board have found, and we agree that this conduct violates Prof.Cond.R. 1.3, 1.4(a)(3) and (4), 1.15, 1.16(d) (requiring a lawyer withdrawing from representation to take steps reasonably practicable to protect a client's interest), 1.16(e), and 8.4(d) and (h).

*Count Six*

{¶ 14} In March 2009, a man paid respondent a $900 fee to file a bankruptcy petition on his behalf. He discovered in August 2009 that respondent had not taken any action on his behalf. When he attempted to contact respondent, he discovered that respondent's cellphone had been disconnected and that respondent had not appeared at his office in months. Respondent has not performed any work on the client's behalf, nor has he refunded any portion of his fee.

{¶ 15} The parties have stipulated, the panel and board have found, and we agree that this conduct violates Prof.Cond.R. 1.3, 1.4(a)(3) and (4), 1.16(e), and 8.4(h).

*Count Seven*

{¶ 16} In July 2008, a woman paid respondent $935 to file a Chapter 7 bankruptcy petition on her behalf. Despite her frequent telephone calls and visits to his office, the client never heard from respondent again. Respondent has not performed any work on the woman's behalf and has not refunded any portion of her fee.

{¶ 17} The parties have stipulated, the panel and board have found, and we agree that this conduct violates Prof.Cond.R. 1.3, 1.4(a)(3) and (4), 1.16(e), 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(h).

*Count Eight*

**{¶ 18}** With respect to Counts One through Seven, relator attempted to communicate with respondent by certified mail and telephone messages requesting a response to each of the client grievances. He did not respond to those communications, with the exception of a single telephone conversation in which he advised that he was preparing a response and planned to mail it promptly. Even then, he failed to provide the promised response.

**{¶ 19}** Relator issued a subpoena duces tecum commanding respondent to appear for his deposition and produce all of his files relating to his representation of these clients and documents relating to his client trust account and professional liability insurance. Although relator agreed to continue the deposition for two weeks at respondent's request, he failed to appear or offer any excuse for his absence.

**{¶ 20}** The parties have stipulated, the panel and board have found, and we agree that this conduct violates Prof.Cond.R. 8.4(h) and 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a demand for information by a disciplinary authority during an investigation) and Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate with a disciplinary investigation).

### Sanction

**{¶ 21}** When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in Section 10(B) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

**{¶ 22}** As factors in aggravation, the parties have stipulated, and the panel and board have found, that respondent has acted with a selfish motive, has engaged in a pattern of misconduct, has caused harm to vulnerable clients, and initially failed to cooperate in the disciplinary investigation. See BCGD Proc.Reg. 10(B)(1)(b), (c), (e), and (h). As factors in mitigation, the parties have stipulated, and the panel and board have found, that respondent has no disciplinary record, has relinquished his bankruptcy court electronic case filing privileges for one year effective March 2010, and has complied with other bankruptcy-sanction orders, including the disgorgement of unearned fees to one grievant, and that he ultimately cooperated in the disciplinary process after the complaint was certified. See BCGD Proc.Reg. 10(B)(2)(a), (d), and (f). We accept these findings in aggravation and mitigation of respondent's sanction.

**{¶ 23}** We have previously recognized that neglect of an entrusted legal matter and failure to cooperate in the ensuing disciplinary investigation generally warrant an indefinite suspension. *Disciplinary Counsel v. Hoff*, 124 Ohio St.3d 269, 2010-Ohio-136, 921 N.E.2d 636, ¶ 10; *Disciplinary Counsel v. Mathewson*, 113 Ohio St.3d 365, 2007-Ohio-2076, 865 N.E.2d 891, ¶ 19.

**{¶ 24}** In *Cincinnati Bar Assn. v. Baas* (1997), 79 Ohio St.3d 293, 681 N.E.2d 421, we sanctioned an attorney for conduct similar to that of respondent. Baas had neglected six client matters, failed to carry out employment contracts with four separate clients, failed to deposit client funds in a separate account, failed to maintain complete records of all client funds, failed to maintain a trust account, failed to promptly return unearned fees to three clients, failed to take steps upon her withdrawal to ensure that a client was not prejudiced, failed to return property that a client was entitled to receive, engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, knowingly made a false statement of law or fact while representing a client, and engaged in conduct that adversely reflected upon her fitness to practice law. Although we considered Baas's

alcoholism to be a mitigating factor, we rejected the board's recommended sanction of a two-year stayed suspension and instead imposed a two-year suspension with the last 18 months stayed on conditions.  Id. at 296-297.

{¶ 25} We also imposed a two-year suspension with 18 months stayed on conditions for similar conduct in *Stark Cty. Bar Assn. v. Marosan*, 106 Ohio St.3d 430, 2005-Ohio-5412, 835 N.E.2d 718.  Marosan had neglected the entrusted legal matters of multiple clients, failed to promptly return unearned fees to those clients, failed to maintain a client trust account, and failed to cooperate in the ensuing disciplinary investigation. Aggravating factors included a pattern of misconduct involving multiple offenses, lack of cooperation in the disciplinary process, and failure to pay restitution.  Id. at ¶ 20.  Mitigating factors included the absence of prior discipline and the absence of a dishonest or selfish motive.  Id. at ¶ 21.

{¶ 26} Because respondent's conduct here is similar to that of the respondents in both *Baas* and *Marosan*, and in light of respondent's eventual cooperation in the disciplinary process through his stipulation of facts and misconduct, we agree that the appropriate sanction is a two-year suspension with the final six months of that suspension stayed on the conditions that respondent make a full accounting to the affected clients for the fees paid to him, that he make full restitution to the affected clients for unearned fees, and that he return to his clients all files and other materials to which they are entitled.

{¶ 27} Accordingly, respondent, Frank X. Gresley, is suspended from the practice of law in Ohio for two years.  The last six months of his suspension will be stayed, however, on the conditions that within 90 days from the date of this opinion, respondent shall (1) make a full accounting to the affected clients for the fees paid to him, (2) make full restitution to the affected clients for unearned fees, and (3) return to his clients all files and other materials to which they are entitled.  Relator will appoint a monitor within 30 days hereof to ensure respondent's

payment of restitution. Respondent shall not be reinstated to the practice of law until he has made a full accounting and restitution to the affected clients and returned all files and materials. Costs are taxed to respondent.

Judgment accordingly.

BROWN, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Michael M. Hughes and Karen E. Rubin, for relator.

Frank X. Gresley, pro se.

_____