AKRON BAR ASSOCIATION *v.* DISMUKE.

[Cite as *Akron Bar Assn. v. Dismuke,* **128 Ohio St.3d 408, 2011-Ohio-1444.**]

*Attorneys at law — Misconduct — Neglect of client matters — Failure to cooperate with disciplinary investigation — Failure to keep attorney-registration information current — Two-year suspension with one year stayed on conditions.*

(No. 2010-1889 — Submitted January 19, 2011 — Decided March 31, 2011.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 09-090.

_____

**Per Curiam**.

{¶ 1} Respondent, Daniel K. Dismuke of Stow, Ohio, Attorney Registration No. 0074292, was admitted to the practice of law in Ohio in 2001. On November 3, 2009, we suspended respondent from the practice of law for his failure to register as an attorney for the 2009 to 2011 biennium. *In re Attorney Registration Suspension of Dismuke*, 123 Ohio St.3d 1475, 2009-Ohio-5786, 915 N.E.2d 1256.

{¶ 2} On December 7, 2009, relator, Akron Bar Association, filed a two-count complaint charging respondent with violations of the Rules of Professional Conduct arising from his neglect of two client matters, his failure to timely register with this court and keep the court apprised of his current address, and his failure to cooperate in the ensuing disciplinary investigation. Respondent filed an answer admitting each of the allegations in relator's complaint and alleging certain facts in mitigation.

{¶ 3} At the panel hearing, the parties submitted stipulations of fact and misconduct, relator submitted a transcript of respondent's deposition testimony,

and respondent offered his own testimony in mitigation. Having considered the evidence, the panel and board found that clear and convincing evidence demonstrated that respondent committed each of the charged violations, and they recommend that we suspend respondent from the practice of law for two years, with the second year stayed on conditions. We adopt these findings of fact and misconduct and agree that a two-year suspension with the second year stayed on the recommended conditions is the appropriate sanction for respondent's misconduct.

**Misconduct**

{¶ 4} With respect to Count 1, respondent has admitted that he received a $1,000 retainer from a client to file a motion for judicial release and that he never filed the motion. Although the client later terminated his representation and requested a refund, respondent did not refund the client's money or return his file. At his deposition, respondent testified that he had withdrawn the retainer from his client trust account with the intent to withdraw from representation and refund the client's retainer, but he kept the cash in the client's file for some time. Relator assisted him in returning the money to the client.

{¶ 5} In Count 2, respondent admitted that he was appointed by the Summit County Court of Common Pleas to represent a man in a criminal matter and that he obtained a waiver of his client's appearance at a pretrial. When the client failed to appear for a subsequently scheduled pretrial hearing, however, the court issued a capias for the client's arrest. Although respondent failed to return many of the client's phone calls, during one phone conversation he assured the client that he would take care of the matter.

{¶ 6} Respondent admits that he failed to cooperate with relator's investigation and to respond to the allegations against him. He did not respond to two letters of inquiry sent to him by regular mail. And, of the six letters of inquiry that relator and disciplinary counsel sent by certified mail, three were

returned as unclaimed, two were returned with marks indicating that they were not deliverable as addressed, and one was returned marked "moved—left no address—unable to forward." A notice posted at respondent's office indicated that he was no longer there. Respondent admitted that he had abandoned client files at that location, that he had failed to timely register with this court, and that he had failed to keep the Office of Attorney Services apprised of his current address.

{¶ 7} Respondent admits that his conduct with respect to each count violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client) and 1.4 (requiring a lawyer to reasonably communicate with his or her client) and Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate with a disciplinary investigation) and VI(1)(D) (requiring attorneys to keep the Office of Attorney Services apprised of their residence and office addresses) and that his conduct in Count 1 also violated Prof.Cond.R. 1.15 (requiring a lawyer to preserve the identity of client funds and property and promptly deliver funds or other property that the client is entitled to receive).

### Sanction

{¶ 8} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in Section 10(B) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

{¶ 9} As aggravating factors, the panel and board found that respondent had committed multiple offenses, that he had initially failed to cooperate in

relator's investigation, and that he had abandoned client files. BCGD Proc.Reg. 10(B)(1)(d) and (e). As mitigating factors, they found that respondent had no prior disciplinary record or selfish motive, that he had eventually cooperated with the disciplinary investigation, and that he had made restitution to the client affected by his conduct in Count 1. See BCGD Proc.Reg. 10(B)(2)(a), (b), (c), and (d).

{¶ 10} Although respondent testified that he suffered from depression and other medical conditions that left him tired and unable to focus on his work, those conditions do not qualify as mitigating factors because he has failed to (1) submit a diagnosis from a qualified health-care professional, (2) demonstrate that the conditions contributed to his misconduct, (3) demonstrate a sustained period of successful treatment, and (4) submit a prognosis from a qualified health-care professional that he will be able to return to the competent, ethical, professional practice of law. BCGD Proc.Reg. 10(B)(2)(g)(i) through (iv).

{¶ 11} Relator recommended at least a one-year suspension from the practice of law with six months stayed on the conditions that respondent serve a period of monitored probation, bring his continuing legal education ("CLE") credits under Gov.Bar R. X current, complete six hours of CLE in law-office management, and enter into a contract with the Ohio Lawyers Assistance Program ("OLAP") and comply with its terms.

{¶ 12} The panel and board, however, recommend that we suspend respondent from the practice of law for two years, with the second year stayed on the conditions recommended by relator, and that his suspension not commence until he has properly registered with this court and his registration suspension has been terminated.

{¶ 13} In *Cleveland Metro. Bar Assn. v. Gresley*, 127 Ohio St.3d 430, 2010-Ohio-6208, 940 N.E.2d 945, we imposed a two-year suspension with the final six months stayed on conditions for conduct similar to that of respondent.

Gresley had neglected a number of client matters, failed to reasonably communicate with his clients, failed to return unearned fees, and failed to cooperate in the resulting disciplinary investigations. Id. at ¶ 4-20. Because it involved dishonesty and the failure to pay restitution and affected seven clients, Gresley's conduct was more egregious than that of respondent. Id. at ¶ 17, 26. And in *Akron Bar Assn. v. McNerney*, 122 Ohio St.3d 40, 2009-Ohio-2374, 907 N.E.2d 1167, we imposed a two-year suspension with the second year stayed on conditions for an attorney's failure to preserve the identity of client funds, failure to keep complete client trust account records, failure to notify clients that the attorney's malpractice insurance had lapsed, and failure to properly register as an attorney.

{¶ 14} Having considered respondent's conduct, the aggravating and mitigating factors, and the sanctions imposed for comparable conduct, we adopt the sanction recommended by the board. And because respondent has testified that he has underlying mental-health issues that may have contributed to his misconduct, not only must respondent comply with the requirements for reinstatement set forth in Gov.Bar R. V(10), but he must also provide proof that to a reasonable degree of medical certainty, he is mentally fit to return to the competent, professional, and ethical practice of law.

{¶ 15} Accordingly, Daniel K. Dismuke is hereby suspended from the practice of law for two years, with the second year stayed on the conditions that respondent complete one year of probation, monitored by an attorney appointed by relator pursuant to Gov.Bar R. V(9), bring his CLE credits required under Gov.Bar R. X current, complete six hours of CLE in law-office management in addition to the CLE credits under Gov.Bar R. X, enter into an OLAP contract, and comply with all treatment recommendations. This suspension shall commence after respondent has satisfied all requirements for the termination of his current suspension for failure to comply with the registration requirements of Gov.Bar R.

VI.    Any application for reinstatement shall be conditioned upon proof to a reasonable degree of medical certainty that respondent is mentally fit to return to the competent, professional, and ethical practice of law.    Costs are taxed to respondent.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Anderson & Miller, L.P.A., and Dreama Anderson; Kisling, Nestico & Redick, L.L.C., and Robert W. Redick; and William G. Chris, Bar Counsel, for relator.

Daniel K. Dismuke, pro se.

_____