DISCIPLINARY COUNSEL *v.* SIMON-SEYMOUR.

**[Cite as *Disciplinary Counsel v. Simon-Seymour,***

**131 Ohio St.3d 161, 2012-Ohio-114.]**

*Attorneys at law—Numerous violations of the Rules of Professional Conduct—*
*Two-year license suspension, partially stayed.*

(No. 2011-1406—Submitted September 7, 2011—Decided January 19, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and
Discipline of the Supreme Court, No. 11-016.

_____

**Per Curiam**.

**{¶ 1}** Respondent, Christine M. Simon-Seymour of Chardon, Ohio,
Attorney Registration No. 0043828, was admitted to the practice of law in Ohio in
1990. On January 31, 2011, relator, Disciplinary Counsel, charged respondent
with multiple violations of the Code of Professional Responsibility and the Rules
of Professional Conduct[1] arising from her representation of a decedent's estate
and her mishandling of the assets of that estate.

**{¶ 2}** A panel of the Board of Commissioners on Grievance and
Discipline considered the cause on the parties' consent-to-discipline agreement.
See Section 11 of the Rules and Regulations Governing Procedure on Complaints
and Hearings Before the Board of Commissioners on Grievances and Discipline
("BCGD Proc.Reg."). They recommend that we adopt the consent-to-discipline

---

1. Relator charged respondent with misconduct under applicable rules for acts occurring before
and after February 1, 2007, the effective date of the Rules of Professional Conduct, which
supersede the Disciplinary Rules of the Code of Professional Responsibility. Although both the
former and current rules are cited for the same acts, the allegations comprise a single continuing
ethical violation. *Disciplinary Counsel v. Freeman*, 119 Ohio St.3d 330, 2008-Ohio-3836, 894
N.E.2d 31, ¶ 1, fn. 1.

agreement and impose the parties' agreed sanction of a two-year suspension from the practice of law with six months stayed on conditions, based upon Simon-Seymour's admission that she neglected a decedent's estate, failed to maintain adequate records of estate and other funds held in her client trust account, misappropriated estate funds, failed to promptly deliver funds that a client was entitled to receive, engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, and engaged in conduct that adversely reflects on her fitness to practice law by knowingly making false statements to the probate court.

### Misconduct

{¶ 3} The stipulated facts show that in February 2006, Teresa Kinat hired Simon-Seymour to probate her husband's estate. Kinat was appointed administrator of the estate. Rather than having Kinat open a checking account for the estate, Simon-Seymour deposited substantial estate funds into her client trust account. Although respondent used the funds to pay some of the estate's debts, she also withdrew $2,603.14 for her attorney fees without probate court approval and misappropriated estate funds for her own purposes or the purposes of others. Simon-Seymour's misappropriation of the estate funds endured for years, and at one point, her client trust account was overdrawn when it should have contained more than $17,000 in estate funds.

{¶ 4} Not only did Simon-Seymour misappropriate estate funds, she also falsely represented to the probate court that she had made disbursements to pay certain estate obligations, when in fact, she had not paid those debts. Despite Kinat's repeated requests, Simon-Seymour would not provide any proof that the debts had been paid. She also took more than a year to transfer the title of a truck owned by the decedent to his widow.

{¶ 5} Kinat filed a grievance against Simon-Seymour in February 2010 and terminated Simon-Seymour's representation the next month. In June 2010, Simon-Seymour issued a check for $6,872.30 to Kinat—$1,113.87 more than the

balance of the estate funds for which she was unable to account. Although Kinat deposited the check into her bank account on December 18, 2010, the funds did not become available until January 21, 2011. Respondent admits that she never provided Kinat with an accurate accounting for the estate and that she has not maintained client ledgers detailing the funds held in her client trust account or performed a monthly reconciliation of her client trust account since February 1, 2007.

{¶ 6} The parties stipulate that Simon-Seymour's conduct violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of a matter), 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with reasonable requests for information from the client), 1.15(a) (requiring a lawyer to hold property of clients in an interest-bearing client trust account separate from the lawyer's own property), 1.15(a)(2) (requiring a lawyer to maintain a record for each client on whose behalf funds are held), 1.15(a)(5) (requiring a lawyer to perform and retain a monthly reconciliation of the funds held in the lawyer's client trust account), 1.15(d) (requiring a lawyer to promptly deliver funds or other property that the client is entitled to receive and render promptly upon request a full accounting of funds or property in which a client or third party has an interest), 3.3(a)(1) (prohibiting a lawyer from knowingly making a false statement of fact or law to a tribunal), DR 1-102(A)(4) and Prof.Cond.R. 8.4(c) (both prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and DR 1-102(A)(6) and Prof.Cond.R. 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

{¶ 7} We adopt the parties' stipulations of fact and misconduct in their entirety.

## Sanction

**{¶ 8}** The board recommends that we adopt the parties' stipulated sanction of a two-year suspension from the practice of law, with six months stayed on the conditions that Simon-Seymour complete five hours of continuing legal education ("CLE") on the management of trust accounts and that she commit no further misconduct.

**{¶ 9}** The parties stipulate that the absence of a disciplinary record, Simon-Seymour's full and free disclosure during relator's investigation, and her cooperative attitude toward the disciplinary proceedings should be accorded mitigating effect. See BCGD Proc.Reg. 10(B)(2)(a) and (d). We also observe that respondent has made more than full restitution to Kinat, although she did not do so until after relator had initiated his investigation. See BCGD Proc.Reg. 10(B)(2)(c). The parties have not stipulated to, and the board has not found, any aggravating factors, although we find that Simon-Seymour has engaged in a pattern of misconduct by failing to follow required accounting procedures for her client trust account and by misappropriating client funds over a period of several years. See BCGD Proc.Reg. 10(B)(1)(c) and (d).

**{¶ 10}** We find that the parties' stipulated sanction is within the range of sanctions that that we have previously imposed for comparable misconduct. In *Disciplinary Counsel v. Blair*, 128 Ohio St.3d 384, 2011-Ohio-767, 944 N.E.2d 1161, we considered an attorney who had mishandled and misappropriated almost $17,000 in funds belonging to her incompetent ward and who had failed to properly supervise her employees, resulting in the filing of a false guardian account and a forged affidavit. Like Simon-Seymour, Blair had no prior disciplinary record, had made a full and free disclosure to the board, and had demonstrated a cooperative attitude toward the disciplinary proceeding. Id. at ¶ 15. Blair submitted evidence of her positive reputation in the legal community, as well as her diagnosed alcohol dependence and depression, though she did not

establish that those conditions were causally related to her misconduct. Id. at ¶ 15, 17. We imposed a two-year suspension with 18 months stayed on the conditions that she serve 18 months of monitored probation in accordance with Gov.Bar R. V(9), remain in compliance with her Ohio Lawyers Assistance Program contract, continue to receive both alcohol and mental-health counseling, complete 12 hours of CLE in law-office management in addition to the CLE requirements of Gov.Bar R. X, and commit no further misconduct. Id. at ¶ 21.

{¶ 11} And in *Cleveland Metro. Bar Assn. v. Gresley*, 127 Ohio St.3d 430, 2010-Ohio-6208, 940 N.E.2d 945, the attorney had accepted fees from ten clients, failed to perform the agreed legal work, and then failed to cooperate in the ensuing disciplinary investigation. We imposed a two-year suspension, with six months stayed on the conditions that he account to the affected clients for the fees paid to him, make full restitution to the affected clients for unearned fees, and return to his clients all files and other materials to which they were entitled. Id. at ¶ 27.

{¶ 12} On the board's recommendation, and having considered Simon-Seymour's misconduct, the aggravating and mitigating factors set forth in BCGD Proc.Reg. 10(B), and the sanctions imposed for similar misconduct, we adopt the parties' consent-to-discipline agreement. Simon-Seymour is hereby suspended from the practice of law for two years, with the final six months stayed on the conditions that she complete five hours of CLE on the management of trust accounts and that she commit no further misconduct. If Simon-Seymour fails to comply with the conditions of the stay, the stay will be lifted, and she will serve the full two-year suspension. Costs are taxed to Simon-Seymour.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Philip A. King, Assistant Disciplinary Counsel, for relator.

Abraham Cantor, for respondent.

_____