DISCIPLINARY COUNSEL *v.* HALL.

[Cite as *Disciplinary Counsel v. Hall,* **131 Ohio St.3d 222, 2012-Ohio-783.**]

*Attorneys—Misconduct—Multiple violations of Rules of Professional Conduct, including failing to act with reasonable diligence in representing a client and failing to keep a client reasonably informed about the status of a matter—Two-year suspension with six months stayed on conditions.*

(No. 2011-1017—Submitted August 8, 2011—Decided March 1, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 10-042.

_____

**Per Curiam.**

{¶ 1} Respondent, Eric D. Hall of Medina, Ohio, Attorney Registration No. 0067566, was admitted to the practice of law in Ohio in 1997.

{¶ 2} On November 29, 2010, relator, disciplinary counsel, filed an amended complaint with the Board of Commissioners on Grievances and Discipline alleging 13 counts of misconduct. Relying on the parties' joint stipulation of facts and violations, as well as testimony at a formal hearing, the board made findings of fact and misconduct and recommended that respondent pay restitution and be suspended from the practice of law for 24 months with six months of the suspension stayed. We adopt the board's findings of facts and misconduct and accept its recommended sanction.

## Misconduct

{¶ 3} The complaint before the board alleged 13 counts of misconduct. The board, in accordance with the parties' stipulation, found that four of them had not been proved by clear and convincing evidence and dismissed them.

**{¶ 4}** In all the remaining counts, Hall agreed to represent clients but then failed to perform the agreed-upon work or to respond to his clients' efforts to reach him. In all but one of the counts, Hall had accepted retainers from the clients, although he has refunded one retainer. And in one of the counts, Hall added to his misconduct by misrepresenting to a client that he had filed a complaint in court.

**{¶ 5}** The board concluded that the conduct described above resulted in violations of Prof.Cond.R. 1.3, 1.4(a)(3), 1.4(a)(4), 1.16(e), 8.4(c), and 8.4(h). Some of Hall's misconduct occurred while the Code of Professional Responsibility remained in effect; as to this conduct, the board found that Hall had violated DR 1-102(A)(6).

**{¶ 6}** We adopt the board's findings.

### Sanction

**{¶ 7}** When imposing sanctions for attorney misconduct, we consider relevant factors, including the duties the lawyer violated, the lawyer's mental state, and sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B). *Disciplinary Counsel v. Broeren*, 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21. Because each disciplinary case is unique, we are not limited to the factors specified in the rule but may take into account "all relevant factors" in determining what sanction to impose. BCGD Proc.Reg. 10(B).

**{¶ 8}** As aggravating factors, the parties stipulated and the board found that Hall had demonstrated a pattern of misconduct, committed multiple offenses, and harmed his victims. *See* BCGD Proc.Reg. 10(B)(1)(c), (d), and (h).

**{¶ 9}** As to mitigating factors, the parties stipulated and the board found that respondent lacked a prior disciplinary record, lacked a dishonest or selfish

2

motive, had displayed a generally cooperative attitude toward the disciplinary proceedings, and had presented evidence of good character and reputation. *See* BCGD Proc.Reg. 10(B)(2)(a), (b), (d), and (e).

**{¶ 10}** The board, in agreement with the parties' stipulation, recommended that Hall be suspended from the practice of law for 24 months with six months of the suspension stayed, followed by a one-year probation. It further recommended that reinstatement be conditioned on Hall's payment of full restitution to his clients and of the costs of these proceedings.

**{¶ 11}** We adopt the board's recommended sanction, which is appropriate in this case. *See, e.g., Cleveland Metro. Bar Assn. v. Gresley*, 127 Ohio St.3d 430, 2010-Ohio-6208, 940 N.E.2d 945 (imposing two-year suspension with six months conditionally stayed when attorney neglected client matters and failed to respond to client communications); *Columbus Bar Assn. v. Ellis*, 120 Ohio St.3d 89, 2008-Ohio-5278, 896 N.E.2d 703 (imposing two-year suspension when attorney accepted fees, neglected client matters, and deceived clients). The record, the balance of aggravating and mitigating factors, and precedent all support the board's recommendation.

**{¶ 12}** Accordingly, Eric D. Hall is suspended from the practice of law in the state of Ohio for 24 months with six months of the suspension stayed, followed by a one-year probation. Reinstatement is conditioned on the payment of restitution as follows: $1,500 to Tami Beckwith, $2,500 to Mike Henry, $700 to Stanley Fossett, $1,200 to Lisa Linton, $1,000 to Nicholas Lorence, $2,500 to Debra Hetman, and $2,500 to Nelson Corporan. Costs are taxed to respondent.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Joseph Caligiuri, Assistant Disciplinary Counsel, for relator.

Christopher J. Weber, for respondent.

_____