**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a1061n.06

No.  11-4087

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Oct 10, 2012*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| TAMIE SEIFERT, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| GRAPHIC PACKAGING | ) | |
| INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

BEFORE:  BOGGS and CLAY, Circuit Judges; STAFFORD, District Judge.*

PER CURIAM.  Tamie Seifert appeals the district court's decision granting summary judgment in favor of her former employer, Graphic Packaging International, Inc., in this wrongful discharge case.  Graphic Packaging moves for sanctions against Seifert and her attorney.

Seifert worked for Graphic Packaging as a materials and scheduling manager from July 27, 2009 to December 4, 2009, when she was terminated for alleged poor performance.  Seifert subsequently filed a complaint against Graphic Packaging in the Cuyahoga County Court of Common Pleas asserting the following causes of action under Ohio law:  (1) breach of implied contract; (2) intentional infliction of emotional distress; (3) promissory estoppel; (4) gender

---

*The Honorable William H. Stafford, Jr., Senior United States District Judge for the Northern District of Florida, sitting by designation.

discrimination, in violation of Ohio Revised Code § 4112.99; (5) age discrimination, in violation of Ohio Revised Code § 4112.99; and (6) retaliation. Graphic Packaging removed Seifert's case to the district court based on diversity jurisdiction pursuant to 28 U.S.C. § 1441. After discovery, Graphic Packaging filed a motion for summary judgment, which the district court granted. In dismissing Seifert's claims, the district court noted that Seifert's deposition testimony failed to establish facts supporting her claims and directly refuted her complaint's allegations. This timely appeal followed.

The district court properly granted summary judgment in favor of Graphic Packaging on Seifert's claims. In her deposition, Seifert conceded that she was not terminated because of her gender or age, forfeiting her discriminatory discharge claims. Seifert based her breach of implied contract and promissory estoppel claims on her offer letter. But that letter expressly disclaimed any employment contract or alteration of the at-will employment relationship and did not contain any specific promise of continued employment. *See Wing v. Anchor Media, Ltd. of Tex.*, 570 N.E.2d 1095, 1098–99 (Ohio 1991). Graphic Packaging's discharge of Seifert did not amount to extreme and outrageous conduct, nor did she present evidence of the requisite level of distress to establish a claim for intentional infliction of emotional distress. *See McNeil v. Case W. Reserve Univ.*, 664 N.E.2d 973, 976–77 (Ohio Ct. App. 1995); *Juergens v. Strang, Klubnik & Assocs., Inc.*, 644 N.E.2d 1066, 1071–72 (Ohio Ct. App. 1994). Seifert waived her retaliation claim by failing to mention that claim in her brief on appeal. *See Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004).

Pursuant to Federal Rule of Appellate Procedure 38 and 28 U.S.C. § 1927, Graphic Packaging moves for sanctions against Seifert and her attorney, Eric Hall, for pursuing this appeal.

Rule 38 allows this court to award damages and costs if it determines that an appeal is frivolous. Rule 38 sanctions are "appropriate when an appeal is 'wholly without merit' and when the appellant's 'arguments essentially had no reasonable expectation of altering the district court's judgment based on law or fact.'" *B & H Med., L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 270 (6th Cir. 2008) (quoting *Wilton Corp. v. Ashland Castings Corp.*, 188 F.3d 670, 677 (6th Cir. 1999)). Under § 1927, we may impose sanctions personally on an attorney "who . . . multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. "This standard is met 'when an attorney knows or reasonably should know that a claim pursued is frivolous.'" *Tareco Props., Inc. v. Morriss*, 321 F.3d 545, 550 (6th Cir. 2003) (quoting *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986)).

Federal Rule of Appellate Procedure 28 requires an appellant's brief to include an argument containing "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9)(A). The argument section of Seifert's brief does not contain a single record citation. The fact that Hall filed a brief with no record citations, particularly in light of Seifert's damaging admissions in her deposition testimony, indicates that Hall and Seifert had no reasonable expectation of vacating the district court's summary judgment in favor of Graphic Packaging. The pursuit of this meritless appeal warrants sanctions under Rule 38 and § 1927. However, the equities weigh in favor of sanctioning only Hall and not his client, who is untrained in the law. We note that the Ohio Supreme Court has suspended Hall from the practice of law, *Disciplinary Counsel v. Hall*, 963 N.E.2d 813 (Ohio 2012), and that he filed a notice of disqualification with this court on March 14, 2012.

Accordingly, we AFFIRM the district court's judgment and GRANT Graphic Packaging's motion for sanctions. Within thirty days of this opinion, Graphic Packaging shall file an affidavit setting forth the costs and attorney's fees incurred in defending this appeal through March 14, 2012, with any response from Hall due fifteen days thereafter.