his attorneys. Accordingly, Tareco Properties shall have fifteen days from the filing of this opinion to submit proper documentation of its damages and costs to the clerk of the court, and Morriss and his attorneys shall have ten days after Tareco Properties' submission to respond to this documentation. *See Wilton Corp.*, 188 F.3d at 678 (Gilman, J., concurring).

### D. Morriss's Motion to Strike

Morriss contends that we should strike Tareco Properties' motion for sanctions because Tareco Properties filed a separate memorandum in support of its motion instead of including its legal arguments in the same document as the motion itself pursuant to 6 Cir. R. 27(a). While it is true that Tareco Properties technically violated this Sixth Circuit rule, the violation was harmless, did not prejudice Morriss in any way, and did not affect the court's ability to consider the motion fully. Under these circumstances, striking the motion is not warranted. Morriss's argument for striking the affidavit that Tareco Properties filed in support of its motion for sanctions is similarly without merit.

### III.

For all the foregoing reasons, we affirm the district court's denial of Morriss's Rule 60 motion. In addition, we deny Morriss's motion to supplement the record and his motion to strike Tareco Properties' motion for sanctions. We grant Tareco Properties' motion for monetary sanctions, with the amount of sanctions to be determined either by agreement between the parties or, in the event the parties cannot agree, by the court after consideration of Tareco Properties' documentation of damages and costs and any response by Morriss and his attorneys.

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0069P (6th Cir.)
File Name: 03a0069p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

————————

TARECO PROPERTIES, INC.,
         *Plaintiff-Appellee,*

                                          No. 01-6170
*v.*

STEVE MORRISS,
         *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 99-01160—Aleta A. Trauger, District Judge.

Argued: February 7, 2003

Decided and Filed: March 5, 2003

Before: GILMAN and GIBBONS, Circuit Judges;
         ECONOMUS, District Judge.

————————

### COUNSEL

**ARGUED:** John P. Konvalinka, GRANT, KONVALINKA & HARRISON, Chattanooga, Tennessee, for Appellant. Jeffrey Alan Greene, Nashville, Tennessee, for Appellee.

—————————————————

[*]The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio, sitting by designation.

**ON BRIEF:** John P. Konvalinka, Stephen R. Beckham, GRANT, KONVALINKA & HARRISON, Chattanooga, Tennessee, for Appellant. Jeffrey Alan Greene, Nashville, Tennessee, for Appellee.

------

## OPINION

------

JULIA SMITH GIBBONS, Circuit Judge.    Tareco Properties, Inc., brought this collection action against Steve Morriss seeking to enforce a 1993 judgment against Morriss for almost two million dollars. The 1993 judgment was entered in a Texas federal court. Tareco Properties filed the present action in the Middle District of Tennessee, where Morriss resides. After aggressively defending the action for some time, Morriss agreed to transfer certain property to Tareco Properties in partial satisfaction of the judgment debt. This agreement was included in an agreed order entered by the district court on July 14, 2000.

Almost one year later, on July 9, 2001, Morriss filed a motion with the district court seeking relief from the July 14, 2000, agreed order on the basis that the order was the result of "oversight or omission, mistake, inadvertence, or excusable neglect." The district court denied Morriss's motion, and Morriss appealed. For the reasons set forth below, we affirm the district court's decision.

In addition, we deny Morriss's motion to supplement the record, grant Tareco Properties' motion for sanctions, and deny Morriss's motion to strike Tareco Properties' motion for sanctions.

## I.

On June 23, 1993, the United States District Court for the Southern District of Texas entered a final judgment for almost two million dollars against Morriss and other defendants in an action brought by the Federal Deposit Insurance Corporation

order on the ground that the "prior judgment upon which it is based has been reversed or otherwise vacated," the Tennessee state court orders would not support his position.

### C.  *Tareco Properties' Motion for Sanctions*

Asserting that this appeal is frivolous, Tareco Properties moves for sanctions against Morriss and his attorneys pursuant to Federal Rule of Appellate Procedure 38 and 28 U.S.C. §§ 1912, 1927. Both Rule 38 and § 1912 permit a court of appeals, in its discretion, to award damages and single or double costs to an appellee if the appeal is frivolous. An appeal is frivolous when the appellant's arguments "essentially had no reasonable expectation of altering the district court's judgment based on law or fact." *Wilton Corp. v. Ashland Castings Corp.*, 188 F.3d 670, 677 (6th Cir. 1999). Section 1927 permits a federal court, in its discretion, to assess damages and costs directly against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously." This standard is met "when an attorney knows or reasonably should know that a claim pursued is frivolous." *Jones v. Continental Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986). An appellee does not have to demonstrate that the appellant or his attorneys acted in bad faith to succeed on a motion for sanctions. *Id.*; *Wilton Corp.*, 188 F.3d at 677.

Morriss and his attorneys chose to file a premature Rule 60 motion in the district court before they had successfully challenged the 1993 judgment in the appropriate court. Because of this choice, Morris and his attorneys could not rely upon the portion of Rule 60 dealing with relief from final orders that are based on prior final judgments that have been reversed or otherwise vacated. Instead, without any legitimate justification, Morriss and his attorneys relied upon the portion of Rule 60 dealing with "mistake, inadvertence, surprise, or excusable neglect." This appeal had no reasonable chance of success, and Morriss's attorneys reasonably should have known that this appeal was frivolous.

Based on the unique facts of this case and the frivolity of this appeal, we exercise our discretion to sanction Morriss and

(FDIC). Tareco Properties subsequently purchased the judgment against Morriss from the FDIC. On December 14, 1999, Tareco Properties filed this action against Morriss in the United States District Court for the Middle District of Tennessee, seeking to enforce the 1993 judgment against Morriss, who lives in that district. In response, Morriss filed a motion seeking to prevent enforcement of the 1993 judgment on the basis of an alleged conspiracy between Tareco Properties and Morriss's former attorneys.

Before Morriss's motion was resolved, however, his attorney withdrew the motion and moved to withdraw as counsel for Morriss. Before withdrawing, Morriss's attorney filed a document with the court correcting inaccurate testimony given by his client. Based on this document, the district court referred Morriss to the U.S. Attorney for possible prosecution for perjury.

Morriss obtained new counsel and continued to pursue discovery relating to his conspiracy theory. Meanwhile, Tareco Properties moved to sell certain of Morriss's property and to hold Morriss in civil and criminal contempt on the basis of, among other things, perjury and failure to cooperate with discovery. Instead of responding to these motions, Morriss elected to enter into an agreement with Tareco Properties, which was encompassed in an agreed order entered by the court on July 14, 2000. The agreed order required Morriss to transfer certain property to Tareco Properties in partial satisfaction of the 1993 judgment.

About one year later, on July 9, 2001, Morriss filed a motion seeking relief from the July 14, 2000, agreed order on the grounds of "oversight or omission, mistake, inadvertence, or excusable neglect." For the first time, Morriss claimed that the 1993 judgment was void because the FDIC had failed to serve him with the notice of removal or the summary judgment motion in the FDIC action. Morriss did not argue, however, that the July 14, 2000, agreed order was void or that he did not voluntarily agree to the July 14, 2000, order. Morriss simply asserted without any specificity that the

Morriss's Rule 60 motion in the district court below was premature. Rule 60 does not allow a party to obtain relief from a final order on the basis that the party is challenging the prior judgment upon which it is based; Rule 60 requires that the prior judgment be "reversed or otherwise vacated."[1]

### B. Morriss's Motion to Supplement the Record

Morriss has moved this court to supplement the record with copies of two orders entered by a Tennessee state trial court in a case involving the same parties. Tareco Properties brought the state court action against Morriss to enforce the 1993 judgment. In both orders, which were entered respectively on July 19, 2002, and November 11, 2002, the Tennessee state court denied full faith and credit to the 1993 judgment from the Texas federal court because the Tennessee court found that the FDIC had not properly served Morriss with the notice of removal or the motion for summary judgment in the Texas action.

We deny Morriss's motion to supplement the record because these two orders have no impact on this appeal. The sole issue on this appeal is whether the July 14, 2000, agreed order was entered due to "mistake, inadvertence, surprise, or excusable neglect." The resolution of this issue does not turn on whether Tennessee state courts grant full faith and credit to the 1993 judgment. Furthermore, the Tennessee state court orders do not "reverse or otherwise vacate" the 1993 judgment from the Texas federal court; thus, even if Morriss had requested Rule 60 relief from the July 14, 2000, agreed

---

[1] Morriss requested that this court stay this appeal pending the Fifth Circuit's decision on whether to vacate the 1993 judgment. In a prior order, we denied Morriss's motion to stay because a ruling from the Fifth Circuit vacating the 1993 judgment would not affect the question of whether the July 14, 2000, agreed order was entered due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60. Even if a reversal from the Fifth Circuit were to create a ground upon which Morriss could move for Rule 60 relief from the June 14, 2000, agreed order, this new motion on a new ground would have to be considered initially by the district court.

July 14, 2000, order was based on "oversight or omission, mistake, inadvertence, or excusable neglect." The district court denied this motion on July 30, 2001, finding, among other things, that the agreed order was not entered as a result of any oversight or omission, mistake, inadvertence or excusable neglect and that Morriss had been represented by "extremely competent counsel" when he agreed to the entry of the July 14, 2000, order. Morriss appeals from the denial of his motion.

## II.

### A.  The District Court's Denial of Morriss's Rule 60 Motion

Rule 60 of the Federal Rules of Civil Procedure provides in relevant part that "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Consistent with the permissive "may" in Rule 60, this court reviews a district court's denial of Rule 60 relief for abuse of discretion. *FHC Equities, L.L.C. v. MBL Life Assur. Corp.*, 188 F.3d 678, 683 (6th Cir. 1999).

Morriss claims that the FDIC never served him with the notice of removal or the motion for summary judgment that resulted in the 1993 entry of judgment against him in the United States District Court for the Southern District of Texas. Therefore, Morriss claims that the 1993 judgment is void. Because the 1993 judgment is void, according to Morriss, the July 14, 2000, agreed order, which is based on the 1993 judgment, was the result of "oversight or omission, mistake, inadvertence, or excusable neglect." Accordingly, Morriss argues that he is entitled to relief from the July 14, 2000, agreed order pursuant to Rule 60.

Because neither "oversight" nor "omission" is a ground for relief under Rule 60, we consider whether the July 14, 2000, order was entered because of "mistake, inadvertence, surprise, or excusable neglect." Morriss has not identified any inadvertence, surprise, or excusable neglect upon which he

bases his claim for Rule 60 relief. Morriss's sole argument is essentially that the July 14, 2000, agreed order was a mistake because it was based on the 1993 judgment, which Morriss argues is void.

Morriss, however, presents no evidence that he was unaware of any fact regarding the 1993 judgment when he agreed to the July 14, 2000, agreed order. To the contrary, the record demonstrates that Morriss, with the aid of competent counsel and with full knowledge of all the relevant facts, agreed to the entry of the July 14, 2000, order to resolve pending disputes, including a motion against him for civil and criminal contempt. Morriss would have known that the FDIC did not serve him with the notice of removal and the motion for summary judgment when he agreed to the July 14, 2000, order, if his present claim is true.

If Morriss believed that his lack of service claim was viable, he could have litigated the issue before agreeing to the July 14, 2000, order. Instead, however, he never raised the issue until his July 9, 2001, Rule 60 motion. Morriss's claim in this appeal amounts to nothing more than an assertion that he made a strategic error by agreeing to the July 14, 2000, order before litigating the lack of service issue. Rule 60 does not relieve parties from strategic mistakes. *Federal's Inc. v. Edmonton Inv. Co.*, 555 F.2d 577, 583 (6th Cir. 1977) (holding that Rule 60 does not relieve a party from mistakes in litigation strategy).

Significantly, Rule 60 provides that a court may relieve a party from a final order on the ground that "a prior judgment upon which it is based has been reversed or otherwise vacated." Morriss does not rely upon this portion of Rule 60 because the 1993 judgment has not been reversed or otherwise vacated, despite Morriss's efforts. In an order dated March 29, 2002, the United States District Court for the Southern District of Texas rejected Morriss's lack of service challenge to the 1993 judgment. Morriss's appeal of that decision is pending in the United States Court of Appeals for the Fifth Circuit. The language of Rule 60 demonstrates that