Anthony D. HAYES, Plaintiff–
Appellant,

v.

CITY OF MEMPHIS; W.W. Herenton;
Memphis Police Department,
Defendants–Appellees.

No. 03–5152.

United States Court of Appeals,
Sixth Circuit.

Aug. 8, 2003.

Before KEITH and COLE, Circuit
Judges; and WEBER, District Judge.*

―――――

*ORDER*

Anthony D. Hayes, proceeding pro se, appeals a district court order denying his motion for a preliminary injunction in a civil action filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2 and 3; 42 U.S.C. §§ 1981, 1985, and 1986; the Equal Pay Act, 29 U.S.C. § 209(d)(1); the Americans with Disabilities Act, 42 U.S.C. § 12112(a); and the Fair Labor Standards Act, 29 U.S.C. § 201. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On June 27, 2000, Hayes filed a complaint against the City of Memphis, Tennessee ("City"), Memphis Mayor W.W. Herenton, and the Memphis Police Department. Hayes alleged that on January 20, 1999, he and the City executed a Mutual General Release and Settlement Agreement in order to resolve pending litigation between them. However, Hayes alleged that the City subsequently breached a pro-

―――――

* The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

vision of the settlement agreement, which required the City to provide a neutral reference to Hayes's prospective employers. Hayes alleged that he applied for several jobs, but was not selected for employment due to the City's failure to abide by the neutral reference provision of the settlement agreement. Hayes sought re-employment with the City in his former law enforcement position, monetary damages, compensation for an on-the-job injury he suffered during his previous employment with the City, injunctive relief, and declaratory relief.

Hayes and the City filed motions for summary judgment. The district court denied Hayes's motion and granted in part and denied in part the City's motion. Specifically, the district court granted the City's motion as to all of Hayes's claims except his claim that the City retaliated against him by failing to provide the Shelby County Sheriff's Department with a neutral reference. Following the district court's ruling, Hayes filed a motion for a preliminary injunction, to which the City responded. The district court denied Hayes's motion for a preliminary injunction and also denied Hayes's motion for a preliminary injunction hearing. Hayes filed an appeal from the district court's order denying his motion for a preliminary injunction. The underlying action remains pending in the district court. The City has filed a motion for sanctions.

We review for an abuse of discretion a district court's grant or denial of a preliminary injunction. *National Hockey League Players' Ass'n v. Plymouth Whalers Hockey Club*, 325 F.3d 712, 717 (6th Cir.2003); *Overstreet v. Lexington–Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). An abuse of discretion occurs "if the district court relied upon clearly erroneous findings of fact, improperly applied the governing law, or used an erroneous legal standard." *National Hockey League Players' Ass'n*, 325 F.3d at 717.

Upon review, we conclude that the district court did not abuse its discretion when denying Hayes's motion for a preliminary injunction. Hayes failed to demonstrate that he is likely to succeed on the merits of his claim. *See id.* Hayes offered no new evidence in support of his retaliation claim predicated upon the alleged negative reference given by the City to the Shelby County Sheriff's Department, which is the only claim remaining in the underlying action, and he did not argue the merits of such claim. In addition, none of the documentation submitted by Hayes in support of his motion, with the exception of the settlement agreement and employment notification form regarding Hayes's failure to obtain a position as a Shelby County Police Officer, is relevant to the only remaining claim in the instant pending litigation. A copy of the settlement agreement and pertinent employment notification form were already contained in the record, having been submitted by Hayes prior to the district court's order granting in part and denying in part the City's motion for summary judgment.

Hayes also failed to demonstrate irreparable injury, as the injury he has allegedly suffered is not irreparable. *See id.* Hayes sought re-employment with the City and monetary damages to compensate him for the loss of employment he has experienced. However, Hayes's alleged injury is fully compensable by monetary relief and is, therefore, not irreparable. *See Overstreet*, 305 F.3d at 578. Moreover, Hayes may not pursue re-employment with the City, as such relief is prohibited by paragraph ten of the settlement agreement.

Although a permanent injunction in this situation would not cause substantial harm to others, *see National Hockey League Players' Ass'n*, 325 F.3d at 717, no public

interest would be served by issuing a permanent injunction in this case. *See id.* In sum, under the circumstances of this case, Hayes failed to demonstrate clear entitlement to the extraordinary remedy of a preliminary injunction. *See Overstreet,* 305 F.3d at 573.

We further conclude that sanctions are not warranted in this case. There is no evidence that Hayes pursued the instant appeal for any improper purpose and, although Hayes's arguments do not warrant reversal of the district court's denial of his request for a preliminary injunction, they are not so implausible as to be considered frivolous. *See* Fed. R.App. P. 38; *Tareco Properties, Inc. v. Morriss,* 321 F.3d 545, 550 (6th Cir.2003).

Accordingly, the motion for sanctions is denied and the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.