RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 12a0218p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

KAREN WAESCHLE, individually and on
behalf of others similarly situated,
                        *Plaintiff-Appellant*,

                v.

LJUBISA J. DRAGOVIC, M.D., Oakland County
Medical Examiner, individually and in his
official capacity as Medical Examiner of
Oakland County, Michigan; et al.,
                        *Defendants-Appellees*.

⎫
⎪
⎪
⎪
⎬   No. 11-1878
⎪
⎪
⎪
⎭

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 2:08-cv-10393—Victoria A. Roberts, District Judge.

Decided and Filed: July 16, 2012

Before: ROGERS and GRIFFIN, Circuit Judges; and HOOD, District Judge.[*]

_____

### COUNSEL
_____

**ON BRIEF:** John H. Metz, Cincinnati, Ohio, Patrick J. Perotti, DWORKEN &
BERNSTEIN CO., Painesville, Ohio, for Appellant. William H. Horton,
GIARMARCO, MULLINS & HORTON, P.C., Troy, Michigan, Keith J. Lerminiaux,
OAKLAND COUNTY CORPORATION COUNSEL, Pontiac, Michigan, for Appellees.

_____

### OPINION
_____

  PER CURIAM. Plaintiff Karen Waeschle, the daughter of a decedent whose
brain was retained and disposed of pursuant to a lawful criminal investigation, appeals

_____

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of
Kentucky, sitting by designation.

the district court's grant of summary judgment in favor of Defendants on Waeschle's claim under 42 U.S.C. § 1983. Defendants seek sanctions pursuant to Fed. R. App. P. 38 and 28 U.S.C. §§ 1912 and 1927. After reviewing the record and considering the arguments presented on appeal, we **AFFIRM** the district court's grant of summary judgment.

## I.          Factual and Procedural Background

Following the death of Waeschle's mother, the Oakland County, Michigan Medical Examiner performed an autopsy to determine the cause of her death. While the mother's remains were returned to Waeschle, the Medical Examiner retained the brain for further study without Waeschle's knowledge. After Waeschle discovered that her mother's brain had been retained and later incinerated as medical waste, she sued Oakland County and the Medical Examiner, alleging that the Medical Examiner had violated the Due Process Clause of the Fourteenth Amendment by denying her the right to dispose of her mother's brain as she saw fit.

This case was filed in district court in early 2008 and, in June of that year, Defendants moved to dismiss Waeschle's complaint or, in the alternative, asked the district court to certify to the Michigan Supreme Court the issue of a next-of-kin's property interest in a decedent's organs following an autopsy. The court dismissed Waeschle's state law claims but denied Defendants' motion with respect to Waeschle's due process claim, finding that certification to the state supreme court was unnecessary since, in the district court's mind, under "Michigan's clearly established law . . . next-of-kin have an interest in their deceased relative's remains/body parts." When Defendants appealed that finding, a panel of this Court found that Waeschle's property interest in her mother's brain was not clearly established and that certification to the Michigan Supreme Court was warranted. *See Waeschle v. Dragovic,* 576 F.3d 539 (6th Cir. 2009). On October 29, 2010, the Michigan Supreme Court issued its answer to the certified question:

> Assuming that a decedent's brain was removed by a medical examiner
> to conduct a lawful investigation into the decedent's cause of death, the

decedent's next of kin does not have a right under Michigan law to possess the brain in order to properly bury or cremate the same after the brain is no longer needed for forensic examination.

*In re Certified Question from U.S. District Court for Eastern Dist. Of Mich.,* 793 N.W.2d 560, 561 (Mich. 2010).   In January 2011, Defendants filed a renewed motion for summary judgment, based on the Michigan Supreme Court's answer to the certified question, which the district court granted in March 2011.  Waeschle then filed a motion for relief from judgment under Fed. R. Civ. P. 59(e), which was denied in June 2011. This appeal followed.

## II.      Discussion

### A.      The District Court Did Not Err in Granting Summary Judgment for Defendants

We review a district court's grant of summary judgment de novo.  *Braun v. Ann Arbor Charter Twp.,* 519 F.3d 564, 569 (6th Cir. 2008).   Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). This matter presents only a question of law because, rather than suggesting that there is a genuine issue of material fact, Waeschle and her attorneys continue to make the same legal arguments that have been rejected repeatedly by this Court and others.  Because our decision in *Albrecht v. Treon,* 617 F.3d 890 (6th Cir. 2010) – a case nearly identical to the one sub judice – controls nearly all of the issues raised, little discussion of Waeschle's arguments is necessary.  First, as pointed out in *Albrecht,* 617 F.3d at 895, state law defines property rights.   *See also Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 430 (1982) ("The hallmark of property . . . is an individual entitlement grounded in state law.").  Under Michigan law, a next of kin does not have a property interest in a decedent's brain that was removed and retained pursuant to a lawful investigation. *See In re Certified Question from U.S. District Court for Eastern Dist. of Mich.,* 793 N.W.2d 560.  In ruling on the certified question in this matter, the Michigan Supreme Court did not "overrule" the Sixth Circuit's decision in *Whaley v. County of*

*Tuscola,* 58 F.3d 1111 (6th Cir. 1995), as Waeschle argues.  Prior to its decision on the question certified in this matter, the Michigan Supreme Court had not had occasion to state the legal rule applicable to the precise issue at hand.  Further, in *Whaley,* this Court did not craft substantive law regarding Michigan property interests.  Rather, it made its best prediction as to what the Michigan Supreme Court would say about the matter, given the opportunity.  Accordingly, the Michigan Supreme Court, in its response to the certified question, did not overrule existing law but, instead, provided clarification as to Michigan property law as it always was.  Further, as in *Albrecht,* the issue of retroactivity is irrelevant since the Michigan Supreme Court's decision did not alter Michigan law.  And while Appellant argues that the district court's decision is irreconcilable with this Court's decision in *Whaley,* as has been explained repeatedly*,* the two cases are distinguishable.  *Whaley,* like *Brotherton v. Cleveland, M.D.,* 923 F.2d 477 (6th Cir. 1991), involved the unauthorized harvesting of eyes and corneas for donation purposes, whereas this case concerns the removal of an organ for a lawful investigation.

Waeschle also suggests that the Court should recognize a new, constitutionally-protected, fundamental right to dispose of the remains of a deceased loved one, but she failed to raise this argument before the district court.  In her response to Appellees' motion for sanctions, Waeschle contends that she has "consistently argued that she has a fundamental right to receive and dispose of the body of her deceased mother." However, we have closely inspected the district court record and can find no such argument, nor did the district court ever consider or rule upon this issue.  Despite Waeschle's occasional use of the phrase "fundamental right" in her filings before the district court, she never developed an argument on this front, despite several opportunities to do so.  *See Washington v. Glucksburg,* 521 U.S. 702, 720-21 (1997) (describing "fundamental right" analysis).  This Court's "function is to review the case presented to the district court, rather than a better case fashioned after a district court's unfavorable order." *DaimlerChrysler Corp. Healthcare Benefits Plan v. Durden,* 448 F.3d 918, 922 (6th Cir. 2006).   Because Waeschle did not raise her substantive-due-process argument before the district court and no exceptional circumstances warranting

our consideration of the issue exist, we decline to entertain the argument now. *See Scottsdale Ins. Co. v. Flowers,* 513 F.3d 546, 552 (6th Cir. 2008) (internal quotations omitted) (Court has occasionally "deviated from the general rule in exceptional cases or particular circumstances or when the rule would produce a plain miscarriage of justice.").

### B.       Sanctions

Following Waeschle's appeal to this Court, Defendants filed a motion for sanctions under Federal Rule of Appellate Procedure 38 and 28 U.S.C. §§ 1912 and 1927, arguing that the appeal is frivolous. Section 1912 provides that, where a judgment is affirmed by a court of appeals, the court, in its discretion, may award the prevailing party "just damages for his delay, and single or double costs." Fed. R. App. P. 38 is similar, allowing a court of appeals to "award just damages and single or double costs to the appellee" in the event the court determines that an appeal is frivolous. This Court deems an appeal to be frivolous when "the appellant's arguments 'essentially had no reasonable expectation of altering the district court's judgment based on law or fact.'" *Tareco Props, Inc. v. Morriss,* 321 F.3d 545, 550 (6th Cir. 2003) (quoting *Wilton Corp. v. Ashland Castings Corp.,* 188 F.3d 670, 677 (6th Cir. 1999)). The Court also has discretion, under 28 U.S.C. § 1927, to assess excess costs, expenses, and attorney fees directly against an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. This standard is satisfied "when an attorney knows or reasonably should know that a claim pursued is frivolous." *Tareco Props, Inc.,* 321 F.3d at 550 (quoting *Jones v. Cont'l Corp.,* 789 F.2d 1225, 1230 (6th Cir. 1986)).

Based on this Court's decision in *Albrecht,* 617 F.3d 890, the current appeal, as argued by Waeschle, had no chance of success when filed. Accordingly, Waeschle, through counsel, pursued this appeal in the face of clear circuit precedent that rendered her arguments meritless. In her brief, Waeschle fails to acknowledge our decision in *Albrecht* – let alone to attempt to distinguish it from the facts of this case, an extremely troubling omission since Waeschle's counsel represented the appellants in *Albrecht.* Clearly, Waeschle was entitled to make a good-faith argument for a change in the law.

In doing so, however, counsel, as officers of the court, were obligated to acknowledge that they were doing just that and to deal candidly with the obvious authority that is contrary to appellant's position. Because, at the time this appeal was filed, there was no clear requirement from this Court that he do so, we are hesitant to impose sanctions. Today's opinion shall serve as an admonition, however, that future failures to acknowledge clear precedent may result in the imposition of sanctions.

## III.    CONCLUSION

We **AFFIRM** the district court's grant of summary judgment for Defendants and **DENY** the Defendants' motion for sanctions under Fed. R. App. P. 38 and 28 U.S.C. §§ 1912 and 1927.