RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name:

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

RANDALL SCOTT WALDMAN, et al.

                        *Appellant,*

                                          No. 16-5160

    *v.*

RONALD B. STONE,

                        *Appellee.*

Decided and Filed: January 24, 2017

Before: McKEAGUE, KETHLEDGE, and STRANCH, Circuit Judges.

_____

**ORDER**

_____

KETHLEDGE, Circuit Judge. We recently rejected Randall Waldman's third appeal in this case, and closed with the following summary: "Waldman defrauded Stone more than a decade ago, and since then has subjected Stone to three rounds of litigation in the district court and in this court as Stone sought a remedy for the fraud. A handful of Waldman's arguments (among the baskets-full he has presented to us and the district court) have been meritorious; but Waldman has repeatedly presented arguments that we have already rejected or for which he presented no support. Stone has borne the expense of responding to all those arguments. And in this appeal, as explained above, Waldman has presented arguments that Waldman or his counsel (subject to their right to attempt to show otherwise) should have known not to present." *Waldman v. Stone*, No. 16-5160, 2016 WL 7093992, at *2 (6th Cir. Dec. 6, 2016) (citation omitted). Stone thereafter moved under Federal Rule of Civil Procedure 11 for sanctions in the amount of $4,157.50, which were his attorneys' fees in the most recent appeal. Waldman filed a response. We construe the motion as a request for sanctions under Federal Rule of Appellate

Procedure 38, and grant it. *See CFE Grp., LLC v. Firstmerit Bank, N.A.*, 809 F.3d 346, 353 (7th Cir. 2015).

Rule 38 "affords us discretion to assess just damages when confronted with a frivolous appeal." *Miller v. Toyota Motor Corp.*, 554 F.3d 653, 654 (6th Cir. 2009) (internal quotation marks and citation omitted). "An appeal is frivolous if it is obviously without merit and is prosecuted for delay, harassment, or other improper purposes." *McDonald v. Flake*, 814 F.3d 804, 816 (6th Cir. 2016) (citation omitted).

The scope of our remand after the second appeal is relevant to the question whether Waldman's third appeal was frivolous. In Waldman's first appeal, we held there was ample evidence that Waldman (along with attorney Bruce Atherton) had defrauded Stone, but we vacated the judgment on Article III grounds unrelated to the merits of Stone's claims. The district court thereafter entered a new judgment in favor of Stone and against Waldman and Atherton, jointly and severally, for over $1 million in compensatory damages and $2 million in punitive damages. In the second appeal, we again affirmed that Waldman and Atherton had committed fraud, but we reduced Stone's compensatory damages to $650,776 and vacated the court's determination of joint and several liability. We remanded the case for the limited purpose of apportioning liability among the parties for Stone's damages. On remand, the district court found Waldman and Atherton each 50% responsible (and Stone not responsible at all) for Stone's compensatory and punitive damages. The court also reduced the amount of punitive damages from $2 million to $1.2 million to retain the 2:1 ratio of punitive to compensatory damages in its earlier judgment.

Waldman then brought his third appeal, in which he made four arguments. One of them challenged the district court's decision to award punitive damages in the first place; another challenged the court's use of a 2:1 ratio of punitive to compensatory damages. The district court had made both of those decisions, however, pursuant to our general remand after the first appeal in this case, not pursuant to our limited remand after the second. Hence both of these arguments, we said in rejecting them, were "patently beyond the scope of our limited remand and therefore out of bounds in this appeal." *Waldman*, 2016 WL 7093992, at *1. Moreover, we explained, Waldman had waived both of these arguments in his second appeal, which made them "doubly

out of bounds" in the third.   *Id.*   Waldman offers no reason to revisit any of those characterizations.   We therefore hold now what we strongly suggested then:   both of these arguments were legally frivolous.

Waldman's remaining two arguments in the third appeal concerned the district court's apportionment of responsibility (50% to Waldman, 50% to Atherton) for Stone's damages.   In making one of those arguments—that Waldman bore 0% responsibility for Stone's damages—Waldman came "perilously close to arguing for a third time that he did not commit fraud at all: we rejected that argument on the merits in *Waldman I*, and when Waldman nonetheless made the same argument in *Waldman II*, we rejected it on the ground that we had 'already rejected' it in *Waldman I*."   *Id.* at *2.   We conclude now that the peril was realized, and that Waldman's argument on this point in the third appeal was for practical purposes a reiteration of an argument that we had twice rejected in the earlier appeals.   Hence this argument in the third appeal was frivolous.

Waldman's remaining argument in the third appeal was that Stone bore some of the fault for his damages because he should have uncovered Waldman's fraud sooner.   That argument was plainly meritless—as we said then, "Waldman himself did everything in his power to prevent Stone from uncovering the fraud[,]" *id.*—but we do not think the argument was so obviously wrong as to be frivolous.

That Waldman included one argument that was plainly meritless rather than frivolous, however, does not deprive us of discretion to award sanctions under Rule 38.   "It would be strange if by the happenstance of including one colorable (though losing) claim amidst an ocean of frivolous ones, a litigant could ward off all sanctions."   *Hill v. Norfolk & W. Ry. Co.*, 814 F.2d 1192, 1200 (7th Cir. 1987) (awarding sanctions under Rule 38); *see also Macklin v. City of New Orleans*, 300 F.3d 552, 554 (5th Cir. 2002) (same); *In re Perry*, 918 F.2d 931, 934-35 (Fed. Cir. 1990) (same).   Here, Waldman's appeal was "obviously without merit[.]"   *McDonald*, 814 F.3d at 816.   And Waldman "wasted our time and his adversary's money" by submitting a brief largely "devoted to frivolous argumentation."   *Hill*, 814 F.2d at 1200.   Thus, we conclude that Waldman's third appeal on the whole was frivolous.

We therefore grant Stone's motion, and order Waldman and his counsel, jointly and severally, to pay Stone $4,157.50.  *See, e.g.*, *Top Entertainment v. Ortega*, 285 F.3d 115, 120 (1st Cir. 2002).

So ordered.