NOT RECOMMENDED FOR PUBLICATION
File Name: 19a0390n.06
Nos. 18-5437/5926/5927/5955

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| JENNIFER LYNN DARNELL, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellant/Cross-Appellee, | ) | Jul 31, 2019 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | ON APPEAL FROM THE |
| JASON ARTHUR, Esquire; LISA MICHELLE | ) | UNITED STATES DISTRICT |
| GIBSON; WALTER SCHWAB IRREVOCABLE | ) | COURT FOR THE EASTERN |
| TRUST; WOODBOURNE INVESTMENTS, LLC, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendants-Appellees/Cross-Appellants, | ) | |
| | ) | |

BEFORE: COLE, Chief Judge; GRIFFIN and BUSH, Circuit Judges.

GRIFFIN, Circuit Judge.

Plaintiff appeals the district court's grant of summary judgment in defendants' favor on her tortious-interference-with-business-relations and civil-conspiracy claims. Defendants cross appeal the district court's refusal to impose Rule 11 sanctions. Additionally, they have moved to sanction plaintiff and her counsel for this appeal. We affirm the dismissal of plaintiff's claims; reverse the district court's Rule 11 ruling; grant defendants' motion for appellate sanctions; and remand for further proceedings consistent with this opinion.

I.

This Tennessee common-law dispute stems from a collection action and a temporary restraining order. Defendants Woodbourne Investments and Walter Schwab Irrevocable Trust (the Trust)—through the representation of attorney (and co-defendant) Jason Arthur—obtained a

judgment against non-party Jimmy Boyd in Missouri and domesticated that judgment in a Tennessee state court. Following an asset search, they sought and obtained a temporary restraining order from a Tennessee state court prohibiting Boyd from "selling, encumbering, disposing of, hiding, destroying, and/or transferring ownership" of various property, including two real estate parcels in Washington County, Tennessee titled to Boyd's company, JHB & Sons Excavating, LLC.

Enter Boyd's daughter, plaintiff Jennifer Darnell. She was in the process of obtaining $2.5 million in financing to commercially develop her own property. According to plaintiff's complaint, defendants knew the TRO—which named only Boyd and made no mention of plaintiff—encumbered Darnell's property and then anonymously informed her loan broker about the TRO, resulting in the cancelation of a lending commitment. So plaintiff intervened in the underlying Tennessee state-court action. Her intervention was short-lived—she quickly agreed that the contested real estate parcels were "designated account numbers for Washington County, Tennessee's Personal Property Appraisal accounts for JHB & Sons Excavating, LLC, and are not real property parcel designations." Thus, the TRO did not include plaintiff's real estate.

Yet Darnell filed a federal lawsuit three weeks later against Woodbourne, the Trust, Arthur, and Lisa Gibson (Boyd's estranged wife/Darnell's estranged step-mother). Contradicting her agreement in state court, she alleged she owned the contested property and that the TRO "intentionally" and "improperly" encumbered that property. Her theory was that "Arthur and Gibson acted in total concert to apply pressure to Boyd to get Boyd to leave the Boyd/Gibson marriage without any compensation" and that "all Defendants acted in concert to injure, harm and harass [Darnell] as a means to force Boyd to pay the Judgment." Darnell asserted three causes of action under Tennessee common law: intentional interference with existing or perspective

business relations; fraud; and civil conspiracy. She demanded $4 million in compensatory damages and $18.5 million in punitive damages.

Defendants moved both to dismiss plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6), and for sanctions under Federal Rule of Civil Procedure 11. Plaintiff then moved to disqualify defendant Arthur. Because the parties submitted extensive matters outside the pleadings, the magistrate judge (presiding with consent of the parties) treated defendants' motions to dismiss as ones for summary judgment under Federal Rule of Civil Procedure 56 and granted them in their entirety in a comprehensive and well-reasoned opinion.

The magistrate judge then thoroughly evaluated defendants' Rule 11 motions and detailed how woefully short plaintiff's lawsuit fell from complying with Rule 11—in his words, "Rule 11 was designed to avoid these kind[s] of lawsuits." As but one example of his well-articulated analysis:

> An attorney cannot simply blindly follow the dictates of an upset client. The advocate must certify under Rule 11 that the factual contentions have evidentiary support or "will likely have evidentiary support after a reasonable opportunity for further investigation…" Fed. R. Civ. P. 11(b)(3). In this case, that certification is lacking. In fact, when given the opportunity to develop these facts, Plaintiff and [her attorney] engaged in no discovery and made no effort to develop them. This lack of engagement is not surprising because no additional discovery would have revealed any new facts that would have justified the allegations in the Complaint. Plaintiff knew that the TRO the attorney drafted and which the state court approved, did not include her property.

Blatant Rule-11-violative misconduct notwithstanding, the magistrate judge denied defendants' Rule 11 motions (and found the attorney-disqualification motion to be moot). Rule 11(c)(2) requires that a motion for sanctions be served on opposing counsel twenty-one days prior to filing with the court. Plaintiff's briefing did not fault defendants for noncompliance with this procedural necessity. Yet the magistrate judge raised the question sua sponte and denied defendants' motions

because "[d]efendants do not claim that they sent the motion to [plaintiff's attorney] 21 days prior to its filing."

But they had. They advised the court as much in reply as well as in motions for reconsideration. And plaintiff conceded during reconsideration briefing that defendants complied with "the procedural aspects of Rule 11." The magistrate judge, however, refused to reconsider his ruling because defendants' originally briefed Rule 11 motions "did not demonstrate that they had forwarded a copy of the motion for sanctions to Plaintiff's counsel prior to its filing." And he rejected defendants' evidence to the contrary as tardy.

## II.

On appeal, plaintiff contends the district court erred in granting summary judgment in defendants' favor on her tortious-interference-with-business-relations and civil-conspiracy claims, and in not disqualifying Arthur. (Plaintiff concedes the unmeritorious nature of her fraud claim and does not challenge that aspect of the district court's judgment.) We have reviewed the record on appeal. The magistrate judge's opinion painstakingly demonstrates the futility of plaintiff's claims and fully articulates the reasons why judgment should be entered for defendants. A detailed opinion by this court would therefore be duplicative and serve no useful purpose.

Accordingly, we adopt the analysis and conclusions of the district court and affirm on the basis of its March 30, 2018, opinion.

## III.

On cross appeal, defendants appeal the magistrate judge's refusal to impose Rule 11 sanctions. We review that decision for abuse of discretion. *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997). "A court abuses its discretion when it commits a clear error of judgment, such as applying the incorrect legal standard, misapplying the correct legal standard, or relying

upon clearly erroneous findings of fact." *Jones v. Ill. Cent. R.R. Co.*, 617 F.3d 843, 850 (6th Cir. 2010) (citation omitted). The magistrate judge did just that—he clearly erred in finding defendants did not comply with Rule 11's procedural requirements.

Attorneys must reasonably investigate factual allegations and legal contentions—including their frivolity—before filing a complaint with a federal court. Fed. R. Civ. P. 11(b). This obligation is not static; Rule 11 "imposes a continual obligation on attorneys to refrain from pursuing meritless or frivolous claims at any stage of the proceedings." *Merritt v. Int'l Ass'n of Machinists and Aerospace Workers*, 613 F.3d 609, 627 (6th Cir. 2010) (internal quotation marks omitted). Rule 11(c)'s sanction provision "encourages keen observance of this duty." *Penn, LLC v. Prosper Bus. Dev. Corp.*, 773 F.3d 764, 766 (6th Cir. 2014). It permits sanctions if "a reasonable inquiry discloses the pleading, motion, or paper is (1) not well grounded in fact, (2) not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, or (3) interposed for any improper purpose such as harassment or delay." *Merritt*, 613 F.3d at 626 (citation and internal quotation marks omitted). "Rule 11 sanctions are warranted if the attorney's conduct was unreasonable under the circumstances." *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 833 (6th Cir. 2005). As extensively detailed by the magistrate judge, plaintiff's counsel unreasonably advanced claims in violation of the letter and spirit of Rule 11. His generic arguments on appeal to the contrary only reinforce this conclusion.

When a party moves for Rule 11 sanctions, it must follow the Rule's strict procedural mandate:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Fed. R. Civ. P. 11(c)(2).  This safe-harbor provision "giv[es] the proponent of a questionable claim an opportunity to assess the claim's validity without immediate repercussion."  *Ridder*, 109 F.3d at 294 (citation omitted).  In short, Rule 11 sanctions are permissible only after the moving party puts the offending party on notice of aberrant conduct and the offending party declines to cure a deficient filing.  *Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 446 (6th Cir. 2006).

Here, plaintiff's attorney enjoyed all of Rule 11's safe-harbor protections.  He certainly did not object to the contrary before the magistrate judge, and for good reason—he knew that defendants properly put him on notice of potential Rule 11 sanctions, elected to stand pat, and affirmatively advised the magistrate judge to that effect.  Having (wisely) failed to raise compliance with this non-jurisdictional requirement below, *see, e.g.*, *Shirvell v. Gordon*, 602 F. App'x 601, 606–07 (6th Cir. 2015) (citing *Brickwood Contractors, Inc. v. Datanet Eng'g Inc.*, 369 F.3d 385 (4th Cir. 2004) (en banc)), he forfeited that defense.  To be sure, defendants would have served their cause better by affirmatively demonstrating to the magistrate judge, at the outset, that they complied with Rule 11 (and did themselves no favor by initially attaching warning letters, which do not satisfy Rule 11's strict mandate, *see Penn*, 773 F.3d at 766–68).  But nothing in the Rule requires a moving party to make this showing.  And when the magistrate judge imposed this extratextual requirement on defendants, they made the showing—uncontested nonetheless.  In our view, then, the magistrate judge erred in raising the issue of Rule 11 compliance sua sponte and finding that defendants did not satisfy Rule 11's procedural requirements when they clearly did.

We therefore reverse and remand with instructions to impose Rule 11 sanctions.

IV.

That leaves us with defendants' motion to sanction plaintiff and her counsel for this appeal pursuant to Federal Rule of Appellate Procedure 38, 28 U.S.C. § 1912, and 28 U.S.C. § 1927. "These provisions," as we have recently summarized, "provide overlapping standards":

> Federal Rule of Appellate Procedure 38 provides for sanctions "if a court of appeals determines that an appeal is frivolous." Sanctions under Fed. R. App. P. 38 are appropriate when an appeal is wholly without merit and when the appellant's arguments essentially had no reasonable expectation of altering the district court's judgment based on law or fact. Although a finding of bad faith is not required for imposition of Rule 38 sanctions, we will usually impose Rule 38 sanctions only where there was some improper purpose, such as harassment or delay, behind the appeal. 28 U.S.C. § 1912 provides that "where a judgment is affirmed by the Supreme Court or a court of appeals, the court in its discretion may adjudge to the prevailing party just damages for his delay, and single or double costs." It is similar in application to Rule 38. Finally, § 1927 declares that "any attorney who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Section 1927 allows for sanctions when the attorney knows or reasonably should know that a claim pursued is frivolous. Section 1927 sanctions may be imposed without a finding that the lawyer subjectively knew that his conduct was inappropriate, but the conduct must exceed simple inadvertence or negligence that frustrates the trial judge.

*Hogan v. Jacobson*, 823 F.3d 872, 886 (6th Cir. 2016) (alterations and citations and some quotation marks omitted).

"[T]he appeal in this case is all of the above." *Bridgeport Music, Inc. v. Smith*, 714 F.3d 932, 944 (6th Cir. 2013). As summarized above and demonstrated in full by the magistrate judge's comprehensive opinion granting summary judgment in defendants' favor and in his Rule 11 opinion, plaintiff and her counsel pursued "patently meritless" claims below. *Id.* They then doubled down on appeal in the face of a stern warning by the magistrate judge to the contrary. They have "wasted our time and [their] adversary's money" by pursuing this frivolous appeal. *Waldman v. Stone*, 854 F.3d 853, 855 (6th Cir. 2017) (citation omitted). Sanctions are appropriate.

We therefore grant defendants' motion for appellate sanctions, to be shared equally between Darnell and her counsel.  Defendants shall file an affidavit within fifteen days of this opinion setting forth costs and attorneys' fees spent in defending this appeal.  Plaintiffs may then file a response within fifteen days.

V.

For these reasons, we affirm the dismissal of plaintiff's claims, reverse the district court's Rule 11 ruling, grant defendants' motion for appellate sanctions, and remand for further proceedings consistent with this opinion.