NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0249n.06

Case No. 19-4268

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
May 20, 2021
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JAHMIR CHRISTOPHER FRANK, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE SOUTHERN |
| GOOD SAMARITAN HOSPITAL OF | ) | DISTRICT OF OHIO |
| CINCINNATI, LLC, | ) | |
| | ) | ORDER |
| Defendant-Appellee. | ) | |

BEFORE: ROGERS, BUSH, and LARSEN, Circuit Judges.

PER CURIAM. In rejecting Jahmir Frank's appeal in this case, we noted the "striking legal emptiness" of the brief that his attorney, Percy Squire, filed. *Frank v. Good Samaritan Hosp., LLC*, 843 F. App'x 781, 782 (6th Cir. 2021) (mem.). When an attorney files a brief that is "largely 'devoted to frivolous argumentation,'" one that "waste[s] our time and his adversary's money," we may sanction him under Federal Rule of Appellate Procedure 38. *Waldman v. Stone*, 854 F.3d 853, 855 (6th Cir. 2017) (mem.) (quoting *Hill v. Norfolk & W. Ry. Co.*, 814 F.2d 1192, 1200 (7th Cir. 1987)). Here, Squire did just that. We therefore sanction Squire in the amount of $1500 to compensate Good Samaritan, in part, for the time it lost to this appeal. *See McDonald v. Flake*, 814 F.3d 804, 817 (6th Cir. 2016).

The brief that Squire filed notes that the sole issue before us is whether Ohio recognizes a cause of action for negligent destruction of medical records. It then provides fifteen pages of argument that have no bearing whatsoever on that issue. The only case it cites is about what constitutes a medical record under Ohio law. *See Griffith v. Aultman Hosp.*, 54 N.E.3d 1196, 1201 (Ohio 2016). Squire's failure to file a reply brief after Good Samaritan presented a compelling argument that Frank had forfeited the sole issue on appeal by failing to argue it below further demonstrates the frivolity of Squire's performance on appeal. *See Scherer v. JP Morgan Chase & Co.*, 508 F. App'x 429, 439 (6th Cir. 2012). The arguments that Squire presented "essentially had no reasonable expectation of altering the district court's judgment based on law or fact." *Waeschle v. Dragovic*, 687 F.3d 292, 296 (6th Cir. 2012) (quoting *Tareco Props., Inc. v. Morriss*, 321 F.3d 545, 550 (6th Cir. 2003)).

That is not to say that an argument that Ohio might recognize a cause of action for negligent destruction of records is, in and of itself, devoid of merit. Counsel are entitled to make good-faith arguments for legal change. But we have twice warned attorneys that when they argue for a change in the law they must, "as officers of the court," acknowledge that they are doing so and recognize the cases that cut against them. *Id.*; *see also Hogan v. Jacobson*, 823 F.3d 872, 887 (6th Cir. 2016) ("Counsel would have done well to acknowledge more fully the existing unfavorable case law[.]"). In *Waeschle*, we declined to impose sanctions because we had not made clear attorneys' obligation to acknowledge contrary authority. *Id.* at 296–97. But we noted that "[t]oday's opinion shall serve as an admonition" to counsel "that future failures to acknowledge clear precedent may result in the imposition of sanctions." *Id.* Squire did not mind that admonition. Nor did he muster even a perfunctory attempt to rebut the district court's analysis of Ohio caselaw. *See Kempter v. Mich. Bell. Tel. Co.*, 534 F. App'x 487, 494–95 (6th Cir. 2013) ("Rule 38 and 28 U.S.C. § 1927 do not

permit a lawyer, ostrich-like, to continue prosecuting a case while refusing to recognize the relevant legal standard or counter the opposing . . . arguments.").

In short, Squire's conduct fell "short of the obligations owed by a member of the bar." *Saenz v. Kohl's Dep't Stores, Inc.*, 834 F. App'x 153, 158–59 (6th Cir. 2020) (quoting *Holmes v. City of Massilon*, 78 F.3d 1041, 1049 (6th Cir. 1996)). We therefore grant Good Samaritan's motion for sanctions against him in the amount of $1500.

ENTERED BY ORDER OF THE COURT

_____

Deborah S. Hunt, Clerk