[This decision has been published in *Ohio Official Reports* at 97 Ohio St.3d 486.]

OFFICE OF DISCIPLINARY COUNSEL *v*. MCCULLY.

[Cite as *Disciplinary Counsel v. McCully*, 2002-Ohio-6724.]

*Attorneys at law—Misconduct—Two-year suspension with one year of sanction stayed—Commingling clients' funds with own funds while serving as guardian, attorney for the guardianship, and, ultimately, attorney for the deceased ward's estate—Failing to account for approximately $12,000 of client's money—Failing to cooperate in investigation of misconduct.*

(No. 2002-1138—Submitted August 27, 2002—Decided December 18, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 01-56.

_____

**Per Curiam.**

{¶1} This case requires us to decide the sanction for an attorney who (1) commingled her clients' funds with her own while serving as guardian, attorney for the guardianship, and, ultimately, attorney for her deceased ward's estate, (2) failed to appropriately account for approximately $12,000 of her client's money, and (3) did not cooperate in the investigation of this misconduct. The Board of Commissioners on Grievances and Discipline found that respondent Joanne McCully (n.k.a. Brown) of Cleveland, Ohio, Attorney Registration No. 0050039, committed these acts in violation of DR 1-102(A)(4) (conduct involving fraud, deceit, dishonesty, or misrepresentation), 1-102(A)(6) (conduct that adversely reflects on an attorney's fitness to practice law), 9-102(B)(3) (failure to maintain complete records of and appropriately account for client's funds in attorney's possession), and 9-102(B)(4) (failure to promptly deliver funds to which client is entitled), and Gov.Bar R. V(4)(G) (failure to cooperate in an investigation of misconduct). The board recommended that respondent be suspended from the

practice of law in Ohio for two years, with one year stayed. We agree that this sanction is appropriate.

{¶2} In the summer of 1993, one of two grandsons of a very elderly woman asked respondent to look after their grandmother's care and affairs. Respondent agreed and arranged for the grandmother to enter a senior health care facility where she resided until her death on February 7, 1994. The grandsons also wanted to sell their grandmother's residence in which they held remainder interests subject to her life estate.

{¶3} Respondent was appointed the grandmother's guardian in August 1993 and thereafter also served as attorney for the guardianship. In November 1993, respondent received a $22,200 check, payable to her as guardian, for proceeds from the sale of the residence, although the sale itself was not finalized until after her ward's death. Respondent deposited the check into a bank account that had not been set up to hold client assets in trust. She later wrote checks to herself and for cash from this account. Respondent did not have probate court approval for the sale of the residential property,[1] and in July 1993, she filed an inventory of the guardianship assets that valued the residential property at $27,000 but did not mention the $22,200 payment.

{¶4} In August 1994, after apparently agreeing to be the attorney for her deceased ward's estate, respondent completed the application to probate the ward's will as well as the final guardianship report. The $22,200 payment was not identified in the guardianship report. Respondent later prepared and filed various other documents in the estate that should have, but did not, account for the receipt of the $22,200 payment or any distribution of these funds.

---

1. Respondent did file a complaint on February 4, 1994, seeking authority to sell the residential property; however, when respondent's ward died several days later, the complaint was dismissed sua sponte more than two years later.

**{¶5}** Another attorney hired by a grandson eventually brought the irregularities in respondent's guardianship and estate filings to the attention of relator, Disciplinary Counsel, who sent a letter of inquiry to respondent. In reply, respondent represented that one of the grandsons authorized her to pay for funeral expenses and a portion of the decedent's debts and that she had done so from the account in which she deposited the $22,200 check. She stated that the grandson also authorized respondent to pay herself attorney fees for her services from the account in which she deposited the sale proceeds. She did so without the requisite probate court approval for such attorney fee payments.

**{¶6}** In June 2000, relator requested that respondent provide a complete accounting for the $22,200 and its distribution. During its investigation, relator learned that respondent had written a $3,000 check for funeral expenses and that she had written a $7,000 check back to the purchaser of residential property to pay for repairs, allegedly also at a grandson's direction. Respondent had also written a third check, for $200, to the buyer. All three checks were drawn from the account in which respondent had deposited the $22,200, and none of the payments was approved by the probate court. Beyond this, respondent could not specifically account for the remaining $12,000 that she had accepted in trust for her clients.

**{¶7}** On June 11, 2002, relator filed a complaint charging respondent with professional misconduct. A panel of the board heard the matter, found the facts as stated, albeit with two inconsequential exceptions,[2] and concluded that respondent had violated DR 1-102(A)(4) and (6) and 9-102(B)(3) and (4). The panel also found, apparently because respondent's responses to investigatory efforts were so vague and inconsistent, that respondent had failed to cooperate. The panel recommended that respondent be suspended from the practice of law for two years,

---

2. The panel mistakenly reported that the check respondent received from the sale of her ward's residence was for $22,000 instead of $22,200, and the panel did not mention the $200 that respondent repaid to the purchaser by check.

with one year of this period stayed. The board adopted the panel's findings of misconduct and recommendation.

{¶8} We agree with the board's decision. In attempting to explain why she deposited a check made out to the guardianship of her ward in an account for her own use and did not reveal this to the probate court, respondent testified that she thought the $22,200 check represented the proceeds from the sale of the grandsons' remainder interest in their grandmother's residence and, thus, was not an asset of the guardianship. She also thought that the grandsons had agreed to pay for her services out of the sale proceeds.

{¶9} There appears to have been some understanding between respondent and at least one of the grandsons that the grandsons would have to rely on proceeds from the sale of their grandmother's house to pay creditors and respondent's fees. Regardless, respondent had no authority to commingle those funds with her own.

{¶10} The board found no clear and convincing evidence of theft in this case, largely because respondent did supply proof of her considerable work and expenses. Nevertheless, without any accounting or probate court oversight, the record does not reliably explain why it is that the grandsons, who apparently were their grandmother's only heirs, received nothing from her estate. Nor does the record explain why respondent received $22,200 in payment for a residential property that one of the grandsons recalls having had a sale price of just $16,000. Furthermore, respondent's assurances that she made substantial payments to the providers of her ward's housing and medical care cannot be reconciled with the fact that these creditors have no record of her remittances.

{¶11} Accordingly, we find that respondent committed the cited misconduct and we concur in the recommended sanction. Respondent is therefore suspended from the practice of law for two years, with one year stayed. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————

Jonathan E. Coughlan, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.

C. Randolph Keller and William T. Doyle, for respondent.

———————————