CLEVELAND BAR ASSOCIATION *v.* FOX.

[Cite as *Cleveland Bar Assn. v. Fox,*
101 Ohio St.3d 154, 2004-Ohio-300.]

(No. 2003–1531—Submitted October 20, 2003—Decided February 11, 2004.)

**Per Curiam.**

{¶ 1} Respondent, John P. Fox of Lakewood, Ohio, Attorney Registration No. 0031742, was admitted to the Ohio bar in 1970. On August 12, 2002, relator, Cleveland Bar Association, filed a complaint charging respondent with professional misconduct. A panel of the Board of Commissioners on Grievances and Discipline considered the cause on the parties' comprehensive stipulations, including a proposed sanction for agreed-upon misconduct.

{¶ 2} Adopting the parties' stipulations of fact and misconduct, the panel found that in June 1995, respondent settled a case on a client's behalf for $93,000. The settlement proceeds were paid in two installments: $25,000 to respondent and a co-counsel for attorney fees and $68,000 to the client. Respondent retained the $68,000, holding this sum in trust for the client pursuant to a purported trust agreement that named him as trustee. Neither an executed original nor a copy of this trust agreement appears in the record, however, and the parties have possession of only unexecuted copies.

{¶ 3} The parties stipulated and the panel found that respondent did not place the client's $68,000 in any kind of a trust account, nor did he identify the funds in any other manner as being held in trust for the client's benefit. Notwithstanding this, respondent expended $32,847.60 of the trust proceeds for his client's benefit prior to her death in January 1998.

{¶ 4} In July 1999, respondent received a formal request to produce the client's will. He did not reply. He also did not respond to inquiries concerning the entrusted $68,000. Respondent's failure to account for this money or to turn over trust assets caused the executor of the client's estate to file a complaint against him in probate court for concealment. In June 2000, respondent paid the balance of the unused trust money, $35,142.40, to the executor, and they eventually

settled the concealment-of-assets suit, with the executor dismissing it in November 2001. Respondent has never specifically accounted for the trust funds that his client apparently left in his custody for the nearly five years prior to her death.

{¶ 5} The panel found, again as stipulated, that respondent had violated DR 9-102(A) (failing to deposit client funds in an identifiable bank account), (B)(3) (failing to maintain complete records of and account for client's funds), and (B)(4) (failing to return client's property upon request).

{¶ 6} In recommending a sanction for this misconduct, the panel considered the aggravating and mitigating factors stipulated by the parties and offered in accordance with Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline. The panel found no aggravating factors. As mitigating, the panel found that respondent had practiced law for 33 years with no previous history of professional discipline. The panel also considered mitigating nearly 30 letters in which respondent's many professional colleagues uniformly championed his competence, integrity, and dedication to his clients, his family, his community, his church, and the legal profession.

{¶ 7} The panel recommended the sanction jointly proposed by the parties— that respondent be suspended from the practice of law for 18 months, with 12 months of this period stayed on the conditions that (1) respondent pay $16,071.35 to the plaintiffs in the concealment-of-assets case, Cuyahoga County Court of Common Pleas, Probate Division, case No. 2000ADV31867, with $12,000 representing the attorney fees plaintiffs incurred and $4,071.35 representing their related litigation expenses, (2) respondent "complete and certify his completion of Continuing Legal Education ('CLE') credits pertaining to law office management," and (3) after he complies with these conditions and if his license is restored, his law practice be monitored, particularly as to his accounting and cash-management practices, by a monitor appointed by relator. The board adopted the panel's findings of misconduct and its recommendation.

{¶ 8} We agree that respondent violated DR 9-102(A) and (B)(3) and (4) as found by the board. We also agree that an 18-month suspension, with 12 months of the sanction period stayed on the recommended conditions, is appropriate. In a similar case, an attorney applied portions of entrusted funds for legitimate client expenses, yet failed to maintain complete records or to account for approximately $12,000, and we suspended her license for two years but conditionally stayed the second year. See *Disciplinary Counsel v. McCully*, 97 Ohio St.3d 486, 2002-Ohio-6724, 780 N.E.2d 574. As in *McCully*, we also have no clear-and-convincing evidence of theft here. Moreover, respondent has repaid the unaccounted-for funds and agreed to make complete restitution to the executor of his

client's estate. He has also shown a considerable amount of strong character evidence.

{¶ 9} Accordingly, we order that respondent be suspended from the practice of law in Ohio for 18 months; however, 12 months of this suspension are stayed on conditions. With the additional specification of how many CLE hours in office management respondent must pursue, the conditions are (1) respondent shall pay $16,071.35 to the plaintiffs in the concealment-of-assets case, Cuyahoga County Court of Common Pleas, Probate Division, case No. 2000ADV31867, with $12,000 representing the attorney fees plaintiffs incurred and $4,071.35 representing their related litigation expenses, (2) respondent shall complete and certify his completion of ten CLE hours in law office management, and (3) after he complies with these conditions and if his license is restored, respondent's law practice, particularly his accounting and cash management practices, shall be subject to review for one year by a monitor appointed by relator. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

———————

Shapero, McGinness & Associates and Michael I. Shapero; Lustig, Evans & Lucas Co., L.P.A., and Robert M. Lustig, for relator.

Koblentz & Koblentz, Richard S. Koblentz and Craig J. Morice, for respondent.