**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Cleveland Metro. Bar Assn. v. Brown*, **Slip Opinion No. 2024-Ohio-2789.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-2789

CLEVELAND METROPOLITAN BAR ASSOCIATION *v.* BROWN.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Cleveland Metro. Bar Assn. v. Brown*, Slip Opinion No. 2024-Ohio-2789.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct by neglecting a client's legal matter, failing to reasonably communicate, and failing to protect the client's interests upon termination of her representation—Conditionally stayed six-month suspension.*

(No. 2024-0487—Submitted May 7, 2024—Decided July 25, 2024.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2023-042.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, and DETERS, JJ. BRUNNER, J., did not participate.

**Per Curiam.**

{¶ 1} Respondent, Joanne Brown, of Cleveland, Ohio, Attorney Registration No. 0050039, was admitted to the practice of law in Ohio in 1977. On December 18, 2002, we suspended her license (under her prior name) for two years, with one year stayed, for commingling personal funds and client funds while serving as guardian, attorney for the guardianship, and later attorney for her deceased ward's estate; failing to account for approximately $12,000 of her client's funds; and failing to cooperate in the ensuing disciplinary investigation. *Disciplinary Counsel v. McCully*, 2002-Ohio-6724. She was reinstated to the practice of law on April 15, 2004. *Disciplinary Counsel v. McCully*, 2004-Ohio-2238.

{¶ 2} In a December 2023 complaint, relator, Cleveland Metropolitan Bar Association, charged Brown with professional misconduct arising from her neglect of a client's legal matter, failure to reasonably communicate with her client, and failure to protect the client's interests upon the termination of her representation.

{¶ 3} After a three-member panel of the Board of Professional Conduct rejected the parties' consent-to-discipline agreement, the parties submitted comprehensive stipulations and jointly recommended that Brown be given a conditionally stayed six-month suspension for her misconduct. The panel chair granted the parties' motion to waive the scheduled hearing and submitted the matter to the panel on the parties' stipulations and joint exhibits.

{¶ 4} The panel issued a report finding by clear and convincing evidence that Brown had committed the charged misconduct and recommending that we adopt the parties' proposed sanction. The board adopted the panel's report and recommendation. We adopt the board's findings of misconduct and suspend Brown from the practice of law in Ohio for six months, fully stayed on the condition that she engage in no further misconduct.

**MISCONDUCT**

{¶ 5} The stipulated evidence shows that in October 2018, Brown agreed to represent Virgil Collins in a foreclosure action filed against him in Cuyahoga County. Around the time Brown agreed to represent Collins, Collins provided Brown with a 24-page counterclaim and asked her to file it in the proceeding. Collins frequently visited Brown's office and called her, sometimes more than once a day, to discuss the foreclosure action and his proposed counterclaim. Brown never agreed to file the counterclaim, believing that the claims within it were time-barred or otherwise lacked merit.

{¶ 6} From December 2018 through June 2019, Brown filed several motions and pleadings on Collins's behalf, including a motion for leave to answer the complaint instanter, an untimely motion for mediation and an extension of time to respond to the plaintiff's motion for summary judgment, and a motion for extension of time to file an amended answer and counterclaim.

{¶ 7} In May 2019, the court conducted a settlement conference. During that conference, Collins decided that he did not want to resolve the action through a loan modification and instructed Brown to file the counterclaim. Although Brown twice sought and was granted leave to file a counterclaim on Collins's behalf, she never filed the counterclaim, believing that a loan modification was a better course of action.

{¶ 8} In November 2019, the trial court granted summary judgment in favor of the plaintiff and against Collins in the foreclosure action. Collins learned of the court's summary-judgment order when he checked the trial court's docket. Around that time, Collins made repeated attempts to contact Brown, who was absent from her office for six weeks due to an illness.

{¶ 9} From December 2019 through February 2020, Brown filed several motions on Collins's behalf—including a motion to vacate the summary-judgment order against Collins. But the trial court denied that motion on February 25, 2020.

In an attempt to block the foreclosure on his home, Collins filed several pro se motions, removed the action to federal district court, and filed a separate federal action and appeal in which he named Brown as a defendant.

{¶ 10} Although Brown ceased representing Collins as of February 28, 2020, she did not file a notice of withdrawal as counsel in the foreclosure action. Consequently, the court continued to serve documents in that case on Brown rather than on Collins until October 2022.

{¶ 11} On this evidence, the parties stipulated and the board found that Brown's conduct violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(3) (requiring a lawyer to keep a client reasonably informed about the status of a matter), 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with a client's reasonable requests for information), and 1.16(d) (requiring a lawyer withdrawing from representation to take steps reasonably practicable to protect a client's interest). We adopt the board's findings of misconduct.

**RECOMMENDED SANCTION**

{¶ 12} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 13} The parties stipulated and the board found that just one aggravating factor is present in this case—Brown's prior discipline. *See* Gov.Bar R. V(13)(B)(1). As for mitigating factors, the parties stipulated and the board found that Brown did not act with a selfish or dishonest motive, made full and free disclosure and exhibited a cooperative attitude toward the disciplinary proceeding, and presented evidence of her good character and reputation in the form of letters from a fellow attorney, the chief deputy clerk for the Cleveland Municipal Court, and a former client. *See* Gov.Bar R. V(13)(C)(2), (4), and (5).

4

{¶ 14} The parties suggested that the appropriate sanction for Brown's misconduct is a conditionally stayed six-month suspension. In support of that sanction, the parties cited five cases in which we imposed conditionally stayed six-month suspensions on attorneys who had previously been disciplined and who had engaged in misconduct comparable to that of Brown in this case. The board found four of those cases to be instructive.

{¶ 15} In *Lorain Cty. Bar Assn. v. Haynes*, 2020-Ohio-1570, Haynes failed to finalize a client's qualified domestic-relations order for more than two years, failed to keep the client reasonably informed about the status of the matter, and failed to respond to the client's repeated requests for information. *Id*. at ¶ 11. Haynes had been publicly reprimanded 20 years earlier for neglecting another client's legal matter. *Id*. at ¶ 1, 13. In addition to the mitigating factors present in this case, Haynes also made full restitution to his client. *Id.* at ¶ 14. We imposed a conditionally stayed six-month suspension for Haynes's misconduct. *Id*. at ¶ 18.

{¶ 16} In *Mahoning Cty. Bar Assn. v. Vivo*, 2019-Ohio-1858, Vivo neglected a client's legal matter, failed to provide competent representation, failed to consult with the client about the means by which her objectives would be accomplished, and failed to inform the client of decisions that required her informed consent. *Id*. at ¶ 8. Vivo also failed to comply as soon as practicable with the client's reasonable requests for information. *Id*. Vivo had previously been suspended for one year, with the entire suspension conditionally stayed, for engaging in similar acts of misconduct and failing to cooperate in the resulting disciplinary investigation. *Id*. at ¶ 2. We adopted the parties' consent-to-discipline agreement and suspended Vivo from the practice of law for six months, fully stayed on the conditions that he complete six hours of continuing legal education focused on law-office management and engage in no further misconduct. *Id*. at ¶ 14. We also ordered Vivo to serve one year of monitored probation upon the reinstatement of his license. *Id*.

**{¶ 17}** In *Mahoning Cty. Bar Assn. v. Mickens*, 2018-Ohio-2630, we imposed a conditionally stayed six-month suspension on Mickens for his neglect of a single client matter, failure to reasonably communicate with the client, and failure to inform the client that he did not maintain professional-liability insurance. *Id*. at ¶ 4, 8-9. Although it was Mickens's second disciplinary case, the misconduct at issue predated similar acts of misconduct for which we had publicly reprimanded him in 2016. *Id*. at ¶ 2-3.

**{¶ 18}** Finally, the board considered *Disciplinary Counsel v. Falconer*, 2020-Ohio-1194, in which we adopted a consent-to-discipline agreement and imposed a conditionally stayed six-month suspension for an attorney's misconduct. According to the board's report in that case, which recommended that we adopt the parties' consent-to-discipline agreement, Falconer neglected two client matters and failed to reasonably communicate with the affected clients. He also failed to take steps to protect one client's interests on the termination of his representation and failed to hold property separate from his own property and to promptly refund the unearned portion of his fee on the termination of his representation for the second client. Falconer had previously been suspended from the practice of law for nine days for failing to timely register as an attorney for the 2007-2009 biennium. *See In re Falconer*, 2007-Ohio-6463, *reinstatement granted*, 2008-Ohio-290.

**{¶ 19}** We agree with the board and the parties that Brown's conduct in this case—her neglect of Collins's legal matter, her failure to reasonably communicate with Collins regarding the status of his matter, and her failure to protect his interests upon the termination of her representation—is comparable to the misconduct at issue in *Haynes*, *Vivo*, *Mickens*, and *Falconer*. Given that her prior discipline occurred more than 20 years ago and that she has established the presence of three mitigating factors, we agree that a conditionally stayed six-month suspension will adequately protect the public from future harm. We therefore adopt the board's recommended sanction.

## CONCLUSION

{¶ 20} Accordingly, Joanne Brown is suspended from the practice of law in Ohio for six months, with the suspension fully stayed on the condition that she commit no further misconduct. If Brown fails to comply with the condition of the stay, the stay will be lifted and she will serve the full six-month suspension. Costs are taxed to Brown.

Judgment accordingly.

_____

Christopher J. Klasa, Bar Counsel, for relator.

Gallagher Sharp, L.L.P., Monica A. Sansalone, and Timothy T. Brick, for respondent.

_____