NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-629

MEDINA COUNTY BAR ASSOCIATION *v.* HALL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Medina Cty. Bar Assn. v. Hall*, Slip Opinion No. 2026-Ohio-629.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct— Conditionally stayed six-month suspension.*

(No. 2025-1314—Submitted November 18, 2025—Decided February 26, 2026.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2025-002.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, DETERS, HAWKINS, and SHANAHAN, JJ. BRUNNER, J., did not participate.

**Per Curiam.**

**{¶ 1}** Respondent, Eric Dorman Hall, of Medina, Ohio, Attorney Registration No. 0067566, was admitted to the practice of law in Ohio in 1997.

**{¶ 2}** In March 2012, we suspended Hall from the practice of law for two years with six months conditionally stayed and ordered him to serve a one-year period of monitored probation. His misconduct in that case consisted of failing to perform the agreed-upon work after accepting retainers from numerous clients, failing to respond to clients' efforts to communicate with him, and misrepresenting to a client that he had filed a complaint in court. *See Disciplinary Counsel v. Hall*, 2012-Ohio-783. In September 2015, we reinstated Hall to the practice of law and placed him on probation. *Disciplinary Counsel v. Hall*, 2015-Ohio-3871. We terminated his probation on February 3, 2017. *Disciplinary Counsel v. Hall*, 2017-Ohio-393.

**{¶ 3}** In a January 2025 complaint, relator, Medina County Bar Association, alleged that Hall failed to provide competent representation to a client, neglected the client's criminal matter, and failed to reasonably consult with the client about the means by which the client's objectives would be accomplished. After a three-member panel of the Board of Professional Conduct rejected the parties' consent-to-discipline agreement, the parties entered into stipulations of fact and misconduct and stipulated to five exhibits.

**{¶ 4}** By agreement of the parties, the matter proceeded to a hearing before two of the three commissioners of the board assigned to hear the case, with the third commissioner participating in the consideration of the matter after the hearing. Based on the parties' stipulations and the evidence presented, including Hall's testimony, the panel found that Hall committed the charged misconduct and recommended that he be suspended from the practice of law for six months with the suspension fully stayed on the conditions that he (1) engage in no further misconduct, (2) serve six months of monitored probation focused on the management of all criminal cases in which he serves as court-appointed counsel, and (3) complete six hours of continuing legal education ("CLE") focused on lawyer communication and diligence in addition to the requirements of Gov.Bar R.

X. The board adopted the panel's report and recommendation, and the parties have jointly waived objections. We adopt the board's findings of misconduct and recommended sanction.

**FACTS AND MISCONDUCT**

{¶ 5} On March 8, 2024, Charles Beekman, a homeless person, was arrested for threatening domestic violence in violation of R.C. 2919.25(C), a fourth-degree misdemeanor. The maximum penalty for the charged offense was 30 days in jail and a fine of $250. *See* R.C. 2929.24(A)(4). During Beekman's March 11 arraignment in the Medina County Municipal Court, the judge appointed Hall as defense counsel. The court also scheduled Beekman's bench trial for March 26 and set bond on the condition that he provide a current residential address to which he could be released. Beekman was unable to provide a current residential address and remained in jail.

{¶ 6} Following Beekman's arraignment and without consulting him, Hall filed a jury demand and discovery request. Consequently, the March 26 trial date was vacated and rescheduled for May 2, 2024. Hall made no effort to determine whether Beekman remained in jail following his arraignment or whether the court had a procedure for releasing a defendant who lacked a current residential address.

{¶ 7} Hall did not meet with Beekman and had no communication with him by any means during his incarceration. On April 5, Hall filed a motion for an expedited change-of-plea and sentencing hearing without obtaining Beekman's consent. Later that day, the municipal court denied Hall's motion but sua sponte modified Beekman's bail conditions, allowing him to be released without a current residential address.

{¶ 8} At Beekman's request, Hall filed a motion to withdraw as counsel on April 23. The following day, Hall filed a motion for evaluation of Beekman's competency. The municipal court denied the motion to withdraw but granted the

motion for a competency evaluation. On April 25, Beekman filed a grievance against Hall with relator.

{¶ 9} Beekman submitted to the court-ordered competency examination. At a June 5 hearing, the municipal court considered the competency report, which noted that Beekman had been found to be not competent to assist in his defense and recommended that he receive inpatient treatment at a mental-health facility for 30 days to restore his competency. Beekman himself objected to that recommendation—though Hall did not. Hall also failed to inform the court that Beekman had already been confined for 28 days or argue that the case should be dismissed because the maximum sentence for the charged offense was just 30 days. Although a probation officer present at the hearing informed the court that Beekman had already served 28 days in jail, the court ordered that Beekman be taken into custody and transported to the treatment facility.

{¶ 10} On June 6, the municipal court determined that it had lacked any ability to take further action on the charge against Beekman given the maximum penalty. The court therefore vacated its inpatient-treatment order and sua sponte dismissed the charge.

{¶ 11} On these facts, the board found by clear and convincing evidence that Hall violated Prof.Cond.R. 1.1 (requiring a lawyer to provide competent representation to a client), 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), and 1.4(a)(2) (requiring a lawyer to reasonably consult with a client about the means by which the client's objectives are to be accomplished). We adopt these findings of misconduct.

## RECOMMENDED SANCTION

{¶ 12} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 13} In this case, the parties have agreed and the board has found that two aggravating factors are present—namely, Hall's prior discipline and the harm he caused to a vulnerable client. *See* Gov.Bar R. V(13)(B)(1) and (8). The parties have also agreed and the board has found that three mitigating factors are present: the absence of a dishonest or selfish motive, Hall's cooperative attitude toward the proceedings after the complaint was filed, and his good reputation as demonstrated by letters submitted by four attorneys. *See* Gov.Bar R. V(13)(C)(2), (4), and (5). We also note that Hall presented evidence indicating that he is one of just two attorneys selected to serve in the Valor Court established by the Medina Municipal Court to address problems that are unique to military veterans.

{¶ 14} In addition, Hall testified that after relator commenced its investigation, Hall learned that the municipal court has a policy that allows defendants without a residential address to be released on bail. Now that he is aware of that policy, Hall testified, he has taken steps to ensure that he will not make the same mistakes again. Specifically, when filing a motion for bond on behalf of unhoused clients, he now requests that they be released under the municipal court's policy. He also now checks the jail roster daily to make sure that he knows where his clients are, and he visits clients in jail and keeps track of how long they have been there. He emphasized that he pays particularly close attention to low-degree misdemeanor cases due to the short duration of the maximum sentences for those offenses.

{¶ 15} In determining the appropriate sanction to recommend for Hall's misconduct, the board found three recent cases—*Cleveland Metro. Bar Assn. v. Brown*, 2024-Ohio-2789; *Lorain Cty. Bar Assn. v. Haynes*, 2020-Ohio-1570; and *Mahoning Cty. Bar Assn. v. Vivo*, 2019-Ohio-1858—to be compelling precedent.

{¶ 16} In *Brown*, the attorney neglected a client's legal matter, failed to keep the client reasonably informed about the status of the matter, failed to comply as soon as practicable with the client's reasonable requests for information, and

failed to protect the client's interests upon the termination of her representation. Relying on *Haynes*, *Vivo*, and two other cases, we suspended Brown from the practice of law for six months with the suspension fully stayed on the condition that she engage in no further misconduct. *Brown* at ¶ 19-20.

{¶ 17} In *Haynes*, the attorney failed to finalize a client's qualified domestic-relations order in a timely manner, failed to keep the client reasonably informed about the status of the matter, and failed to respond to the client's repeated requests for information. Two aggravating factors were present: Haynes had caused economic harm to the client, and Haynes was publicly reprimanded 20 years earlier for neglecting another client's legal matter. *Haynes* at ¶ 1, 13. In addition to the mitigating factors present in this case and *Brown*, Haynes also made restitution to his client—though the majority of that restitution was paid by his professional-liability insurer. *See id*. at ¶ 14. We imposed a conditionally stayed six-month suspension for Haynes's misconduct. *Id*. at ¶ 18.

{¶ 18} Like Hall, the attorney in *Vivo* failed to provide competent representation to a client, failed to act with reasonable diligence in handling the client's matter, and failed to consult with the client about the means by which her objectives would be accomplished. The sole aggravating factor present was the conditionally stayed one-year suspension we had imposed on Vivo less than seven years earlier for similar misconduct. *Vivo*, 2019-Ohio-1858 at ¶ 1, 9. Mitigating factors consisted of Vivo's timely, good-faith effort to make restitution to his client and his full cooperation in the disciplinary proceeding. *Id.* We suspended Vivo for six months with the entire suspension stayed on the conditions that he complete six hours of CLE focused on law-office management and engage in no further misconduct; we also ordered him to serve a one-year period of monitored probation. *Id*. at ¶ 14.

{¶ 19} In light of the sanctions imposed in *Brown*, *Haynes*, and *Vivo*, the board recommends that we suspend Hall for six months with the entire suspension

stayed on the conditions that he (1) engage in no further misconduct, (2) serve six months of probation monitored by a licensed Ohio attorney in good standing who shall periodically review all criminal cases in which Hall serves as court-appointed counsel, (3) compete six hours of CLE focused on the topics of lawyer communication and diligence in addition to the requirements of Gov.Bar R. X, and (4) pay the costs of these proceedings.

**{¶ 20}** Recognizing that Hall has taken appropriate remedial steps to ensure that he will not repeat his misconduct, we agree that a six-month suspension fully stayed on the conditions recommended by the board is the appropriate sanction in this case.

## CONCLUSION

**{¶ 21}** Accordingly, Eric Dorman Hall is hereby suspended from the practice of law in Ohio for six months with the entire suspension stayed on the conditions that he (1) commit no further misconduct, (2) serve six months of monitored probation, in accordance with Gov.Bar R. V(21), focused on management of all criminal cases in which Hall serves as court-appointed counsel, (3) complete six hours of CLE focused on lawyer communication and diligence in addition to the requirements of Gov.Bar R. X, and (4) pay the costs of these disciplinary proceedings. If Hall fails to comply with a condition of the stay, the stay will be revoked and he will be required to serve the full six-month suspension. Costs are taxed to Hall.

Judgment accordingly.

———————————

Patricia A. Walker, Bar Counsel, and Sara M. Costanzo, Associate Bar Counsel, for relator.

David V. Gedrock, for respondent.

———————————